BOLIN, Judge.
Seven children of Mrs. Eva Marie Trox-ler Browne, deceased, filed an opposition to the appointment of M. L. Witten as testamentary executor under her last will and testament and also filed a petition to be sent into possession of the succession property, alleging an administration was unnecessary. To both petitions, the executor filed peremptory exceptions which were sustained in separate judgments by the trial court. From these judgments, this appeal was taken.
As the decision herein is entirely dependent upon a proper analysis of the pleadings, we will outline them in more detail. On August 21, 1961, seven of decedent’s children, appellants herein, joined in a petition asking for an inventory and a search for a will. Such an order was signed, and in due course a will was found, which contained a special bequest to a church and left the balance of decedent’s estate to her 10 surviving children, and designated Morris L. Witten as executor. On October 5, 1961, Morris L. Witten and his wife, Beatrice Browne Witten, (one of the ten children) filed a petition asking that the will be probated; that Morris L. Witten be confirmed as executor.
On October 9, 1961, appellants filed an opposition to the confirmation of Morris L. Witten in which they alleged:
“(1) That no administration was necessary because the assets of the succession consisted principally of cash and bonds, and sufficient cash was on deposit to pay the debts of the succession;
“(2) Appellants desired to accept the succession unconditionally;
“(3) Mr. Witten was not a proper person to be appointed executor because of various reasons therein alleged;
“(4) That if an administration was ordered, William Kendall Browne should be appointed dative testamentary executor.”
The opposition was later amended to allege in more detail the reasons why appellants considered Witten to be an unfit person for the appointment.
On the same date, appellants filed a petition praying to be placed in possession of the property alleging that an administration *496 was unnecessary. To this petition, Mr. and Mrs. Witten excepted on the following grounds:
“(1) An administration was required by law in all cases except where every heir or legatee desired to accept the succession unconditionally;
“(2) The statutory fees of the executor had not been paid.”
An exception was also filed to the petition of opposition on these same grounds, and additionally because it alleged no ground for the disqualification of an executor as specifically covered under Louisiana law. Without assigning written reasons, the trial judge sustained both exceptions which had the effect of ordering the administration of the succession and the approval of Wit-ten as the testamentary executor.
The appellants’ petition for possession was filed under LSA-C.C.P. art. 3031 which provides:
“When a testament has been probated, and subject to the provisions of Article 3033, the court may send the legatees into possession of their respective legacies without an administration of the succession, on their ex parte petition, when all of the legatees- are either competent or are acting through their qualified legal representatives, all competent residuary legatees accept the succession unconditionally, and none of the creditors of the succession has demanded its administration.
“In such cases, the surviving spouse in community of the testator may be recognized by the court as entitled to the possession of the community property, as provided in Article 3001.”
LSA-C.C.P. art. 3033 provides:
“If the testament is dated prior to January 1, 1961, the person named therein as executor shall be entitled to the full compensation allowed by law for an executor’s services in administering a testate succession, even though he may not have been confirmed as executor.
“If the testament is dated subsequent to December 31, 1960, the person named therein as executor shall be entitled to reasonable compensation for the services which he has rendered, whether he has been confirmed as executor or not.”
The petition for unconditional acceptance and possession of the succession being filed by only seven of the ten residuary legatees, left three legatees either opposing the petition or failing to join therein. Therefore, the requirement of LSA-C. C.P. art. 3031 for acceptance by all residuary legatees has not been met and the judge below was eminently correct in sustaining the exception to the petition. Under such a conclusion, it is unnecessary to discuss the other reasons presented in support of this exception.
The second relief sought by appellants is the disqualification of Witten as executor. The grounds for such disqualification are set forth in LSA-C.C.P. art. 3097 as follows :
“No person may be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator who is:
“(1) Under twenty-one years of age;
“(2) Interdicted, or who, on contradictory hearing, is proven to be mentally incompetent;
“(3) A convicted felon, under the laws of the United States or of any state or territory thereof;
“(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding;
*497 “(5) A corporation not authorized to perform the duties of the office in this state; or
“(6) A person who, on contradictory-hearing, is proved to be unfit for appointment because of bad moral character.”
The gist of appellants’ allegations as to the unfitness of the testamentary executor may be summarized as follows:
“(1) His wife handled the funds of decedent under a power of attorney and refused to render the opponents an accounting ;
“(2) With the knowledge and consent of M. L. Witten, his wife obtained the power of attorney;
“(3) Some $15,000 of decedent’s money was used by Witten and his wife for personal use in addition to checks in the total amount of approximately $3,000 being cashed by the Wittens on the account of decedent;
“(4) That Witten will assert claims and defenses adverse to those of the legatees by denying liability for restitution of some $15,000 used by him personally and will claim that certain personal property of decedent was given to him or his wife by donation inter vivos.”
A study of the allegations relating to the unfitness of the executor shows that such charges are largely predicated upon Mr. Witten’s disagreement with appellants as to his liability to refund the property and funds in question.
Appellants have argued in their brief that if the court finds the applicant for executor, either individually or acting in concert with his wife, improperly converted to his own use funds of the decedent during her lifetime, he should be disqualified to serve as executor. Appellants made no allegations of improper conversion of funds. Rather the allegations are that certain funds of the decedent were withdrawn during her lifetime from the bank and were used in a manner in which Mr. Witten obtained a benefit. Under these allegations, it is clear he personally benefited by the use of the funds; but Witten denies legal liability for restitution of the funds. There is no direct charge of concealment of facts or of bad moral character, but merely that he disagrees with certain of appellants’ legal conclusions based upon such facts.
The main contention is that Witten has an interest adverse to those of the appellants. LSA-C.C.P. art. 3097 does not list as a basis for disqualification an adverse interest in the executor. The official comments thereunder are convincing to us that such factor was purposely omitted from our law. Section (c) of these comments, we think, summarizes the intent of this provision in these words:
“The disqualification of ‘a person whom the court finds unsuitable’ in Sec. 96(b)(6) of the Model Probate Code has not been included in this article. If the testator nominates a person to serve as executor, the latter should not be disqualified generally unless he is proved to be of bad moral character(Emphasis supplied.)
In view of the positive provisions in our law, the numerous authorities cited from other jurisdictions are not persuasive and we are in accord with the judgment sustaining the exception to this suit for disqualification of the testamentary executor.
For the reasons assigned, the judgments of the district court sustaining the exception to the petition for possession and for disqualification of M. L. Witten as executor of decedent’s estate are affirmed at appellants’ cost.
Affirmed.