146 So.2d 483 (1962)
Succession of Mrs. Deneza Clement HOUSSIERE.
No. 705.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1962.
Rehearing Denied November 28, 1962.
Certiorari Denied January 14, 1963.
*484 Knight & Knight by William N. Knight, Jennings, Bean & Rush by James W. Bean, Lafayette, for respondents-appellants.
Carroll D. Van Geffen, George H. Van Geffen, New Orleans, for relator-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
FRUGÉ, Judge.
Mrs. Deneza Clement Houssiere died intestate in Jennings, Jefferson Davis Parish, Louisiana, on May 26, 1962. On June 8, 1962 appellee, Mrs. Marie Van Geffen, petitioned to be appointed administratrix and was so appointed on that date. Thereafter, a petition was filed by appellants, praying that a rule issue directing appellee to show cause on the 20th day of June, 1962, why her appointment should not be vacated and the heirs put in possession; and, in the alternative, that her appointment be vacated and that Eugene Paul Houssiere be appointed administrator of the succession. To this petition, respondent filed an exception of no cause of action, alleging that the appellants' petition did not set forth as a cause for removal of the administratrix any of the reasons for disqualification enumerated by the Code of Civil Procedure; and, further, that the facts alleged in the petition did not meet the codal requirements for placing the heirs in simple possession.
Without assigning written reasons, the trial judge sustained both exceptions which had the effect of ordering the administration of the succession and the approval of appellee as administratrix.
The facts disclose that the deceased is survived by seven children and one grandchild, a daughter of a pre-deceased son. Six on these heirs have joined in the petition seeking to vacate the appointment of appellee, also a child of the deceased, as administratrix.
In considering the exception of no cause of action we must accept as true any well pleaded facts of the petition of appellants, although they may not be established or proved on the trial on the merits. Tucker v. New Orleans Laundries, Inc., 238 La. *485 207, 114 So.2d 866; Succession of Williams, La.App., 124 So.2d 924.
Appellants, in their petition to vacate the appointment of appellee as administratrix, allege that an administration of the succession is unnecessary and will be a useless burden and expense in view of the fact that the estate is completely solvent, the only debts being the funeral expenses, debts of last illness, and the state and federal inheritance taxes. In addition, they allege that there is adequate cash and property available for the payment of all obligations due by the succession and that they will accept the succession purely, simply and unconditionally.
It is the contention of respondent that since the appellants' petition, attacking the need of an administration, does not recite that all competent heirs will accept the succession unconditionally the petition does not state a cause of action. In support of this contention, learned counsel for the appellee, cites LSA-C.C.P. Art. 3001 and a recent decision of the Second Circuit, Court of Appeal, Succession of Browne, La.App., 142 So.2d 494.
We note that LSA-C.C.P. Art. 3001 provides in part:
"The heirs of an intestate shall be recognized by the court, and sent into possession of his property without an administration of the succession, on their ex parte petition, when all of the heirs are competent and accept the succession unconditionally, and the succession is relatively free of debt. A succession shall be deemed relatively free of debt when its only debts are succession charges, mortgages not in arrears, and debts which are small in comparison with the assets of the succession."
The petition for unconditional acceptance and possession of the succession being filed by only six of the eight heirs, left two heirs either opposing the petition or failing to join therein. As we read this article all of the heirs must accept the succession unconditionally in order that an administration may be dispensed with. Therefore, the requirement of LSA-C.C.P. Art. 3001 for acceptance by all heirs has not been met and the trial judge was correct in sustaining this exception. See also Succession of Browne, La.App., 142 So.2d 494, for an analogous decision on this point.
Counsel for petitioners submits for our consideration the fact that the other heirs had no notice of Mrs. Van Geffen's application for appointment as administratrix. It appears from the record, that Mrs. Marie Van Geffen filed a petition for notice as provided by LSA-C.C.P. Art. 3091 shortly after the death of Mrs. Deneza Clement Houssiere. Such petition for notice made it mandatory upon anyone seeking to be appointed administrator to mail or deliver to the person designated to receive such notice a copy of his application for appointment and notice of the date and hour assigned by the court for the hearing thereon. Thus Mrs. Van Geffen was not required to give notice of her application for appointment as administratrix to the appellants. Furthermore, petitioners did not file opposition to Mrs. Van Geffen's application for appointment as administratrix prior to such appointment.
Counsel for appellants calls to our attention that prior to the enactment of the Code of Civil Procedure, any application for appointment as an administrator must have been advertised in a newspaper of general circulation, at the domicile of the deceased, or at the place where the succession was to be opened, for at least ten days. He submits that this procedure was abrogated by the new Code with impropriety, because of the grossly unfair results of the case here presented for decision. Being accustomed to the law as it previously existed, we can sympathize with counsel in this regard. However, as judges we are bound by the law as written. Therefore, in the case at bar, since no opposition was filed prior to Mrs. Van Geffen's appointment as administratrix, the trial judge was correct in appointing *486 her in that capacity. LSA-C.C.P. Art. 3096.[1]
The second relief sought by appellants is the disqualification of Mrs. Van Geffen as administratrix. Their petition sets forth the following reasons why appellee should be removed and Eugene Paul Houssiere appointed administrator:
"1. He is a resident of Jefferson Davis Parish, Louisiana, the domicile of the decedent, where the administration must be carried on and where the majority of the assets of the estate are located, the balance of the assets being located in the adjoining parishes of Acadia and Vermilion.
"2. He is the sole male heir of the deceased and is the best qualified by experience and otherwise to be appointed administrator of the estate of his deceased mother.
"3. That he will agree to serve without compensation.
"4. That your petitioners are 6 out of 8 heirs of the deceased and desire that he be appointed.
"5. That Marie Houssiere Van Geffen, who has been appointed administratrix by ex parte order of this Court, lives in New Orleans, Louisiana, some distance from Jennings, Louisiana, which will add to the expense and convenience of this administration and is not the best qualified of the major heirs to serve."
The grounds for disqualification of an administrator are set forth in LSA-C.C.P. Art. 3097 as follows:
"No person may be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator who is:
"(1) Under twenty-one years of age;
"(2) Interdicted, or who, on contradictory hearing, is proven to be mentally incompetent;
"(3) A convicted felon, under the laws of the United States or of any state or territory thereof;
"(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding;
"(5) A corporation not authorized to perform the duties of the office in this state; or
"(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character."
Clearly the reasons for disqualification, as set forth in appellants' petition, do not fall within the scope of LSA-C.C.P. Art. 3097. Therefore, in view of the positive provisions in our law we are in accord with the judgment sustaining the exception to this suit for disqualification of the succession administratrix.
For the reasons assigned, the judgment of the district court sustaining the exception to the petition for possession and for disqualification of Mrs. Van Geffen as administratrix are affirmed at appellants' cost.
Affirmed.

On Application for Rehearing
En Banc. Rehearing denied.
NOTES
[1] LSA-C.C.P. provides in part: "At the hearing on the application for appointment as administrator, if no opposition thereto has been filed, the court shall appoint the applicant, unless he is disqualified under Article 3097."