FOURNET, Chief Justice.
In granting certiorari in this succession proceeding to review a judgment of the Court of Appeal, Second Circuit (142 So.2d 494) which affirmed a judgment of the trial court dismissing the opposition of seven of the ten heirs of the decedent to the appointment of M. L. Witten as testamentary executor, in addition to their request to be sent into possession of the succession property purely, simply and unconditionally, alleging that no administration was necessary of the large solvent estate, and alternatively, that if one were, William K. Browne should be appointed executor, we restricted our review to a consideration of the question of whether the applicants are entitled to a hearing respecting the alleged unfitness of the testamentary executor.
Universally, the courts as far as possible carry out the intention of the testator by seeing that the administration of the estate is committed to the one designated by him, and “ * * *' the principle still prevails that no discretion is vested in courts in refusing to grant letters testamentary to the persons nominated in the will, unless such persons are expressly disqualified, or such discretion is vested by law.” 11 R.C.L., Sec. 33, p. 43. Courts have therefore strictly construed statutes setting forth disqualifications and “ * * * if the statutes in enumerating the disqualifying causes do not mention an adverse interest of a creditor of the testator, or a want of harmony with the heirs and coexecutors, as disqualifications, the courts will not reftise letters testamentary for those causes. * * *” (Emphasis added) 11 R.C.L., Sec. 41, p. 49. See, Rust v. Randolph, 5 M.R. (O.S.) 89, and also the official comments under C.C.P. Article 3097 made by the revising editors.
According to the record, Mrs. Browne died on August 26, 1961, testate, leaving the entirety of her estate to her ten children, share and share alike, with the exception of one $1,000 bequest, and naming as executor, M. L. Witten, the husband of one of her daughters, Mrs. Marie B. B. Witten. In October, 1961, Witten petitioned the court to probate the will and to confirm him as executor. Seven of the ten heirs opposed his appointment, alleging an administration was unnecessary and that he was not a proper person to serve as executor for the reason that his wife had handled all of the funds of her mother prior to her death under a power of attorney and had failed to render them any accounting therefor.
In response to Witten’s exception to the opposition on the ground that it did not specify a basis for disqualification in conformity with the provisions of C.C.P. Arti *557 cle 3097[1], opponents amended their opposition, alleging Witten was unfit to be appointed executor because he had in concert with his wife “obtained and personally used a sum in excess of $15,000 of the assets of the decedent * * * to improve * * * {his] property * * * and to pay * * * debts and other expenses of * * * [his] and his family.” In addition thereto, checks in excess of $3,000 were drawn by his wife, payable to “cash” and to supermarkets, some •of which were endorsed by Witten. (The words in brackets have been added by us.)
Opponents, obviously realizing that their allegations failed to fall within any of the •categories enumerated as causes for disqualification, further amended their opposition by asserting that Witten “is incapable -of discharging the duties of his office” (executor) because he would assert claims and defenses adverse to those of the legatees hy denying liability for the restitution of a sum in excess of $13,000* and would claim ■certain personal property had been given to him and his wife by donation inter vivos and therefore “a gross conflict of interest exists ■which would make it impossible for M. L. Witten to properly discharge the duties of his office as executor * * (Emphasis added)
We think the Court of Appeal in a well-•considered opinion properly affirmed the judgment of the district court confirming the appointment of Witten as testamentary •executor. Opponents failed to include in their allegations any pertinent facts that -would bring their opposition within any ■of the several expressly enumerated causes for disqualification of an executor, etc. While they did allege in their main opposition that he was not a proper person to be the executor, and in their first amendment thereto, that he was unfit to serve in that capacity, the allegations upon which these conclusions are based, when properly analyzed, fall far short of any charge that would warrant his classification as “A person * * * of bad moral character” within the meaning and contemplation of Article 3097 of the Code of Civil Procedure.
For the reasons assigned, the judgment of the Court of Appeal is reinstated and affirmed.

. “No person may be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator -who is:
“(1) Under twenty-one years of age;
“(2) Interdicted, or who, on contradictory hearing, is proven to be mentally incompetent;
“(3) A convicted felon, under the laws ■of the United States or of any state or territory thereof;
“(4) A nonresident of the state who '¡has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding;
“(5) A corporation not authorized to perform the duties of the office in this state; or
“(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character.” O.O.P. Art. 3097.