TATE, Judge.
This is a proceeding to remove the duly qualified administratrix on the ground of her mismanagement of the succession. The charges of mismanagement essentially are: (1) She intended to recommend payment of an allegedly excessive fee to the attorneys (her sons) retained by her as administra-trix to settle the succession; and (2) In the alternative, in the event that she had not agreed to pay such fee, she had hired attorneys for the succession without any investigation or agreement as to the attorneys fees they might charge.
The administratrix appeals from judgment removing her from such office.
The decedent died intestate, leaving eight major heirs, of which the administratrix is one. Six of her coheirs filed the present motion to remove her as administratrix. Previously, immediately after the adminis-tratrix had secured her appointment as ad-ministratrix under the provisions of the new LSA-Code of Civil Procedure (which do not require notice of the application for such appointment in the absence of request by other interested parties), these same six coheirs had unsuccessfully sought to vacate her appointment or to hold her disqualified to serve as such. Succession of Houssiere, La.App. 3 Cir., 146 So.2d 483.
Preliminarily, it may be well to dispose of certain incidental contentions before proceeding to decision of the central issue of this appeal. The administratrix-appellant correctly argues, in our opinion:
(1) The present law of Louisiana gives any heir the right to demand administration of the succession. LSA-C.C.P. Art. 3001; Succession of Houssiere, cited above. Therefore, it is immaterial for present purposes that the succession could have been handled less expensively without an administration. This circumstance is not a ground for removal of the duly qualified administratrix.
(2) The administratrix has never submitted an attorneys fee (and in fact the succession attorneys have never submitted a statement for their fee). Therefore, the question of the actual allowance or reduction of the attorneys fees for the succession is premature and not at issue in the present proceedings. See LSA-C.C.P. Arts. 3301— 3308, providing for the payment of succession debts only with court authorization and only after legal notice to interested parties of an application to pay such debts. If and when the attorneys fees are submitted for court approval, the coheirs will then have their day in court to contest the allowance of such, if they so desire.
I.
The central issue concerns whether the administratrix should be removed because of her mismanagement with regard to the attorneys fees of the succession. Her removal is sought under the provisions of LSA-C.C.P. Art. 3182, which pertinently provides: “The court may remove any succession representative who * * * has mismanaged the estate * *
We find no manifest error in the trial court’s appreciation of the factual evidence. The facts so found are to the following effect, using round figures for purposes of simplification:
The decedent died domiciled in Jefferson Davis Parish. Her estate was valued at $280,000, including some $60,000 in cash and also mineral-producing properties with a monthly income of $2,000. Aside from funeral expenses ($4,700) and several open accounts mostly owing for expenses of last illness ($1,000), the estate was not encum *100 bered with debt and thus, in this regard, presented no problems of administration.
The administration of the present succession was routine except for: a short and unsuccessful suit by an allegedly adoptive child of a predeceased heir of the decedent, seeking to be recognized as a coheir; representation of the estate’s interest at a mineral conservation hearing; and the present and the previous suit by the six coheirs attacking the right of the administra-trix to continue in that office.
Upon being appointed, the administra-trix had retained her two sons as attorneys. They practice in Orleans Parish, some two hundred miles distant from the judicial district in which the succession was to be administered. The administratrix did not discuss fees with her sons at the time she retained them. At the time of the trial below, she was prepared to recommend payment of such amount as they requested and she felt a fee of $25,000 was more than justified by the work they had done. Although the administratrix had not yet requested authority to pay these attorneys fees, the federal estate and the state inheritance tax returns indicated that an attorney’s fee in the amount of $25,000 would be recommended as a charge of the succession.
The trial court felt that such a fee would be exorbitant with regard to the fairly simple administration of the present estate. It also noted that the administratrix had stated that she felt her sons were entitled to receive as much as $50,000 attorneys fees, due to the trouble and complications caused in the administration of the estate by the hostile attitude and obstructive acts on the part of the coheirs.
Without any intention to suggest that any of these minimum fee schedules is applicable: Under the Jefferson Davis Parish Bar Association fee bill, the minimum attorneys fees for handling the administration of the succession would be $4,500. Under the minimum fee bill of the Orleans Parish Bar Association, of which the administratrix’s sons were members, the minimum attorneys fees would be $11,500. Under the minimum fee schedule suggested by the Louisiana State Bar Association (but not adopted by either local bar group), the minimum fee would be $9,000.
II.
The succession procedure law provides that “A succession representative is a fiduciary with respect to the succession * * [and] shall act at all times as a prudent administrator * * LSA-C.C.P., Art. 3191.
The trial court felt that the administra-trix was guilty of mismangement and a breach of her fiduciary responsibility. In its opinion, the administratrix either agreed to pay excessive attorneys fees, or else imprudently retained lawyers who, due to their distance from the succession domicile and other personal factors, were obliged to charge a fee so much in excess (approximately five times, according to testimony in the record) of what local counsel would have charged for handling the estate. The trial court therefore ordered removal of the administratrix from her office.
The administratix contends that the trial court erred for several reasons: (1) The attorneys have not yet submitted a statement for their fees, nor has the administra-trix included them on any estate tableau or account and requested approval of them; it is merely speculative at this point to assume excessive attorneys fees will be requested. (2) If excessive attorneys fees are requested, then the coheirs are adequately protected by their right to object to approval of the amounts to be paid, and the court has the right to reduce any excessive attorneys fees requested; the coheirs therefore cannot be prejudiced by continuing the administratrix as succession representative. (3) At any event, it is merely an assumption that $25,000 attorneys fees are grossly excessive, until after the succession has been concluded and the administratrix has had an opportunity to establish what *101 should be the reasonable value of the services rendered by the attorneys to the succession.
Further, it may be noted that an administrator must furnish security for the faithful performance of his duties, LSA-C.C.P. Art. 3151, and that the administrator is personally liable for any damages for his failure to administer prudently the affairs of the succession, LSA-C.C.P. Art. 3191. Likewise, in the case of gross neglect in handling the succession, the court has some discretionary power to disallow the administrator’s statutory commission. See Reporter’s Comment (h) to LSA-C.C.P. Art. 3351. For these reasons, it might be argued that the drastic remedy of removal is not justified in the present instance, since the succession has not yet been damaged by any act of the administratrix, and since the estate has an adequate remedy against the administratrix or her security in the event it develops, in the final analysis, that the estate has actually been damaged through any imprudence on her part.
III.
The procedural code provides that an administrator may be removed who “has mismanaged” the estate. LSA-C.C.P. Art. 3182. The code itself does not define or illustrate mismanagement as a removal ground.
There is some indication that the legislature regarded removal as a drastic remedy to be imposed only if the administrator commits some seriously prejudicial violation of his fiduciary duty. In Reporter’s Comment (a) to LSA-C.C.P. Art. 3182, it is provided that summary proceedings were provided by the new code to remove the administrator because: “If the succession representative has committed some act serious enough to justify a court in removing him, then he should be removed expeditiously.” See also LSA-C.C.P. Art. 2974, which provides there is no suspensive appeal from such judgment of removal.
Aside from instances where the succession representative himself actually defrauded or took irreparable advantage of the estate, the Louisiana jurisprudence is not of much help in determining whether the present administratrix’s conduct did or did not constitute mismanagement. An early case held that errors of judgment not amounting to malfeasance were insufficient causes for removal of an administrator. Succession of Sparrow, 39 La.Ann. 696, 2 So. 501. Also, possible errors or exaggerations in adverse claims by the administrator against the estate, which could be determined and corrected in subsequent homolo-gation proceedings, have been deemed nonprejudicial to the estate and insufficient grounds for removal of the administrator as unfaithful to his trust. Hansell v. Hickox, 121 La. 721, 46 So. 784. However, prejudicial acts clearly adverse to the interests of the succession, especially when motivated by a conflict of interest are a cause for removal on the ground of fraudulent mismanagement. Travis v. Insley, 28 La.Ann. 784.
The removal jurisprudence in the other American jurisdictions likewise does not provide any clear guidance to our disposition of the present question. See, e. g.: 33 C.J.S. Executors and Administrators §§ 89, 90, pp. 1030, 1031; 21 Am.Jur. “Executors and Administrators”, Sections 150 through 158 (pp. 458-463); Cf., Annotation, Removal of Executor or Administrator [for conflict of interest], 119 A.L.R. 306.
At 33 C.J.S. Executors and Administrators § 89, p. 1031, the conflicting views as to the approach1 of the courts in the matter are summarized as follows: “The court is usually invested with considerable discretion in determining whether or not an executor or administrator shall be removed, and is reluctant to remove where no strong cause therefor exists, and it does not clearly appear that retaining the representative in office will jeopardize the interests of the estate.”
*102 After considerable thought, we have come to the conclusion that we are faced in the decision of the present appeal with a choice of one of two policies to govern appellate review of the trial court removal of succession representatives:
(1) On the one hand, is the removal of succession representatives a matter in which the trial court is given a wide discretion, which in the absence of clear abuse should not be disturbed on appellate review? Or,
(2) On the other hand, is the removal of a succession representative a drastic remedy which requires the proponents of removal to establish their right to it by a clear preponderance of the evidence proving strong grounds exist for it and that the estate interests will definitely be jeopardized if the present administrator is continued in office? (Under this view, the stability of the estate’s administration, once an administrator has been duly confirmed and qualified, is regarded as an important policy objective, in order to permit the succession representative to administer and settle the affairs of the succession as expeditiously as possible, without interruption and harassment by hostile heirs who may disagree, rightfully or wrongfully, with succession acts about which there may be a difference of judgment.)
IV.
If the “broad trial discretion” policy is applicable, then the trial court’s removal of the present administratrix should be affirmed.
Within the trial court’s discretion, then, is the determination that mismanagement could consist of the intent to permit charge of a $25,000 attorneys fee. While perhaps the administratrix has not yet irreparably damaged the succession, her attitude in the matter of the attorneys fees indicates that she is more interested in securing large fees for her sons than in fulfilling her fiduciary responsibility to administer the affairs of the succession with the least possible reasonable expense.
Further, the inclusion on a tableau or account by the administrator of a claim for attorneys fees (or of any other debt) creates a prima facie presumption that the claim is valid, with the burden of proving the invalidity thereof upon the opponents. LSA-C.C.P. Art. 3244. Therefore, in the present instance, the future inclusion by the administratrix-mother of a claim by her attorney sons for unduly great fees, could prejudice the coheirs by casting upon them the burden of proving them to be excessive.
Thus, with the attitude evidenced by the administratrix-mother in the matter of attorneys fees, we could not say that the trial court’s removal of her as administratrix constituted a clear abuse of discretion, if indeed the trial court has a wide discretion in such' matters in order to prevent the possibility of future prejudice to the succession.
V.
On the other hand, if the “stability of administration” policy applies, then we doubt that the administratrix has thus far manifested any such prejudicial mismanagement or gross neglect of her duties as to constitute cause for her removal, with the consequent disruption of the expeditious and orderly conclusion, of her administration of the estate.
In this regard, according to the testimony, the affairs of the administration have almost been completed, so that the substantial portion of the succession attorneys fees has already been incurred. If such attorneys fees as are eventually claimed are then objected to as excessive, they may be reduced by the trial court upon a proper showing. Further, the administratrix may be held personally liable for any damage to the estate caused by any failure on her part to manage the affairs of the succession as a prudent administrator.
Viewed in this light, the trial court was not justified in granting the coheirs the *103 drastic remedy of the removal of the ad-ministratrix, merely because of the possibility her acts or errors of judgment might cause some loss to the estate, for which loss the coheirs have an adequate remedy.
VI.
A majority of the court has ultimately concluded that, in our review of the trial court’s removal action, we should follow the policy of review which accords wide discretion in such matters to the district court in which the succession is administered.[1]
Aside from the considerations above expressed, the majority notes that, under LSA-C.C.P. Art. 2974, there is no suspen-sive appeal from a judgment removing an administrator. This may indicate a legislative choice that, in the interest of preventing prejudice to estates under administration, the discretion of the trial court with immediate supervision of the administration of the succession is regarded as entitled to greater weight than is the possible prejudice an administrator might sustain if removed on doubtfully valid grounds. That is, the efficient administration of the succession is regarded as a more important objective, as fostered by the direct supervision of the trial court, than is the prevention of possible error resulting from the removal of a succession representative on doubtful grounds.
Also, the new code provision grants the trial court greater discretion in refusing to remove an administrator, as compared with the prior law which made such removal mandatory in certain instances. Reporter’s Comment (b) to LSA-C.C.P. Art. 3182. This likewise may indicate a legislathmlean-ing towards a general policy of vesting more discretion in the trial court in each instance as to what acts might, or might not constitute grounds for removal of the succession representative.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the administratrix-appellant.
Affirmed.

. The writer of this opinion initially was of the opposite view and felt that the stability of administration ’was a more important policy objective, since the rights of the present coheirs are adequately protected against damage by other remedies than removal available to them. Although in deference to a majority of this panel the writer concurs in the majority opinion, he does so with serious reservations as to the correctness of the result reached.