TATE, Justice
(dissenting).
I respectfully dissent from the denial of review in this instance. Neither an appellate court’s reversal of a trial court judgment, nor an appellate court’s denial of certiorari review, should be founded solely on legal “principles” which are positive to contrary provisions of law. The court of appeal opinion, moreover, decides issues not properly raised by the pleadings before it or the trial court.
The majority may not realize the real harm it has done to allow to stay uncorrected, as being mere dicta, the complete disregard of our Code of Civil Procedure, our Civil Code, and our prior jurisprudence manifested by the reasons for judgment of the court of appeal. If I understand the unarticulated rationale of our majority in denying this application, it apparently feels that the only issue decided by the court of appeal was that the private sale was not “in the best interest of the succession”, La.C.Civ.P. Art. 3284, and that the remand merely permits the trial court to place the heirs into possession if proper proceedings are instituted.
However, the basis for. decision by the court of appeal is in outright.conflict with our Civil Code and our Code of Civil Procedure. Even if merely dicta, the statements contained are in conflict with settled principles of our succession law and can only cause litigation and confusion until corrected.
For instance, the Code of Civil Procedure specifically requires, for heirs to be sent into possession, that all of the competent heirs accept it unconditionally. Article 3001. For one hundred fifty years or so, our Civil Code has provided well-established rules for acceptance of succession. See Arts. 976-1013. The court of appeal judgment ignores these positive provisions of law and reaches a result by reasoning contrary to them.
Thus, a person cannot be regarded as accepting a succession unless he manifests the will to accept and possess as heir. Arts. 992-994. Acts of administration or conservation of succession property do not amount to an acceptance, Arts. 996, 997; nor do such acts constitute an acceptance when done for the benefit of the succession, Art. 998, including acts to accomplish sale of succession property under authority of the courts, Arts. 99S, 999: It is necessary that an intention to accept unconditionally be manifested by the act done, in order to infer acceptance. Art. 990.
These Civil Code articles are overlooked when a Louisiana court holds that the administrator-heir manifested an intention to accept as heir the succession because of *685 his petition, as administrator, to sell its property. (The 1960 Code of Civil Procedure expressly authorizes the administrator to secure authority to sell succession property for any purpose, including (as here) to divide the net proceeds among the heirs after payment of debts and expenses of sale. Art. 3261. This change from the prior law may have escaped the notice of the majority.)
In inferring that the administrator may be required to accept the succession and end the administration because the petitions to sell succession property, the court thus overlooks the cited governing provisions of law and the long-established jurisprudence.
In inferring that the heirs may be sent into possession because 10 of 11 desire to do so, the court of appeal overlooks the unequivocable provision of La.C.Civ.P. Art. 3001 and the law of Louisiana unchanged since 1825 holding that all of the heirs must accept the succession unconditionally in order that an administration may be dispensed with. Civil Code Article 1047 (1870) (same provision found as 1825 Civil Code) ; Succession of Houssiere, 146 So.2d 483 (La.App.3d Cir., 1962), certiorari denied; Succession of Browne, 142 So.2d 494 (La.App.2d Cir., 1962) ,[1] The reasons for this statutory provision and the uniform holding of our post-1960 jurisprudence are set forth by the late Dean McMahon at 24 La.L.Rev. 291, 319-20 (1964), and include the circumstance that, by an unconditional acceptance, an heir binds himself to liability for the decedent’s obligations, known and unknown, and whether or not they exceed the value of the property received. La. Civil Code, Art. 1013.
There is no authority whatsoever for the statement in the court of appeal opinion that “the sole purpose of a succession administration is payment of the debts of the succession.” There may well be many other purposes, such as conservation and orderly management of a decedent’s property pending its distribution.
Furthermore, once an administration has been provoked (as any heir has the right to do, see Succession of Houssiere, cited above), the Code of Civil Procedure has recognized procedures to terminate the administration and to send the heirs into possession. These do not include an ex cathedra announcement by a reviewing court that such will be done.
In intestate successions, an heir may petition to be sent into possession under benefit of inventory “at any time after homologation of the final tableau of distribution”. Art. 3361. However, aside from the circumstance that the writ application positively shows no tableau of distribution has ever been filed, a contradic *687 tory hearing must be had on the petition of an heir to end the administration.
The succession representative himself may petition for discharge and receive it, upon making satisfactory proof to the court that the creditors have been paid and the balance of the succession properly distributed to the heirs. Art. 3391. By proper proceedings, the appointment of an administrator may be revoked, Article 3181, or he may be removed, Article 3182.
None of these procedures were utilized or are before the appellate courts.
The only issue before the trial and appellate courts was whether the petition for private sale should be approved or disapproved on the issue of whether the sale is in “the best interests of the succession”. La.C.Civ.P. Art. 3284. The opposition to the sale attacked it principally on the ground that the property was worth more than the price sought. No attack was made on the validity of the administration.
In connection with testimony on this limited issue, the administrator stated that there were no debts, i. e., no claims filed against the succession.[2] The succession proceedings themselves indicate that the attorney’s fee for opening the succession has not been paid, and that the property taxes on the home must be a debt due following the decedent wife’s death in 1968. There is also an allegation before us that funeral expenses for the decedent wife have not been paid.
In the hearing on the rule, the administrator’s attorney specifically stated that his client was not willing to accept the succession unconditionally. There was testimony that previous efforts to sell the home place through realtors, etc., had been unavailing, which was the reason he requested permission to sell at private sale the property to the person in question at the price offered. The trial court limited the evidence to whether or not the price of $8,000 offered was reasonable. The trial court entered judgment authorizing the sale, finding that the administrator had exercised all due diligence to secure the highest price possible, after full consideration of this testimony (including testimony attacking the price as insufficient).[3]
For these reasons, I respectfully dissent from the refusal of my brethren to grant full review of the serious complaint that positive provisions of our Civil Code and our Code of Civil Procedure have been flouted by the decision here under review.

. The writ should be granted if for no other reason than the opinion of the present court of appeal is in direct conflict with these two decisions of other courts of appeal. Art. VII, Section 11, La. Constitution.

. See Tr. 4.7 “ * * * There has been no one that has ever filed a claim against it.” Tr. 47-48.

. This court may not be able to take judicial notice of the entire transcript of -the proceedings, which is attached to this application for writs. However, since the seeming equities — an unnecessary administration, an insufficient price, etc. — may have influenced this court’s refusal to correct what is a plain error of law, I feel it appropriate to refer to the full note of evidence attached to the application.