EDWARDS, Judge.
Felix Anthony Riggio died on May 29, 1978. On April 6,1979, one of Riggio’s ten children, Anna Riggio Cannizzaro, alleging that Riggio had died intestate, petitioned to be appointed administratrix of the estate. Mrs. Cannizzaro complied with all the legal requisites and was confirmed as administra-trix on that same day.
On June 13, 1979, the administratrix, together with eight of decedent’s other nine children, filed a “petition for declaratory judgment and in the alternative for collation(.)” Peter Riggio, the tenth child, was named as defendant. It was alleged that in 1961, decedent, Felix Riggio, sold one and a quarter acres of land to one Edward H. Hayden and that the proceeds were given to Peter Riggio. It was further alleged that defendant had, in 1970, formally renounced all inheritance rights in the succession of his mother, Mary Christina Riggio, who had died in 1962. Petitioners prayed for a declaratory judgment that defendant had no further interest in the assets of his father’s succession, his full share having already been received as a donation inter vivos. In the alternative, petitioners sought to make defendant collate the monies donated to him by decedent.
Defendant answered with a general denial. Then, as plaintiff in reconvention, defendant alleged that he possessed the last will and testament of decedent, dated March 31, 1976, and prayed for both the removal of Anna Cannizzaro as administra-trix and probate of the purported will.
All issues were joined when the adminis-tratrix answered, claiming that the purported will was invalid both because decedent lacked testamentary capacity and because certain provisions of the will were ambiguous.
Following trial, judgment was signed decreeing that:
1) Anna Cannizzaro’s application for administration was premature,
2) the purported last will and testament of decedent had not been probated and that another hearing was required,
3) the lack of decedent’s testamentary capacity had not been proven,
4) collation was not before the court, and
5) a proper petition for probate of the will must be filed.
Anna Cannizzaro and her eight fellow plaintiffs appeal. We reverse in part.
I. APPOINTMENT OF ADMINISTRATRIX
Regardless of either the existence or validity of decedent’s purported last will and testament, the original appointment of Mrs. Cannizzaro was not premature. Over a year passed between the demise of Felix Riggio and the application of his daughter to be administratrix. No petition for notice of application for appointment had been filed. LSA-C.C.P. Art. 3091. Nobody else had applied to be administrator. Nor was there any opposition to plaintiff’s appointment. The original appointment of Mrs. Cannizzaro was, therefore, quite proper.
*364 II. REMOVAL OF ADMINISTRATRIX
Peter Riggio’s introduction of decedent’s alleged last will raises the issue of whether Mrs. Cannizzaro should be maintained as administratrix since the purported will names Peter Riggio as succession representative.[1]
An administrator may be removed for various reasons and offenses. LSA-C.C.P. Art. 3182. Succession of Voland, 296 So.2d 406 (La.App. 4th Cir. 1974), writ refused 300 So.2d 184 (La.1974). One basis for removal is that the succession representative “is or has become disqualified^)” Mrs. Cannizza-ro has, in no way, caused herself to be disqualified.
Nevertheless, the discovery of a will is cause to reopen a succession after a succession representative has been discharged or after acceptance by the heirs or rendition of a judgment of possession, provided the will is presented by petition within five years of the succession’s judicial opening. LSA-C.C.P. Arts. 3393, 2893. Succession of McLendon, 383 So.2d 55 (La. App. 2nd Cir. 1980). Similarly, while no article in the Code of Civil Procedure specifically deals with the situation presented here, the timely discovery and probate of a valid will naming an executor is cause to replace an administrator, duly appointed under the mistaken belief that the decedent died intestate.
Although defendant took no part in, nor did he oppose, the administration of Anna Cannizzaro,[2] he is nevertheless enti-tied, after the appropriate proceedings, to have her replaced as succession representative.[3]
III. VALIDITY OF THE WILL
Holding that since the purported last will of decedent had not been properly probated and that another hearing was required, the trial court ordered that a petition for probate be filed.[4] The trial judge also ruled on the challenged will’s validity insofar as he found that plaintiffs had not proven a lack of testamentary capacity in the decedent.
Testamentary capacity is always presumed until the contrary is affirmatively established by satisfactory and convincing evidence. Succession of Bush, 292 So.2d 915 (La.App. 1st Cir. 1974), writ denied 294 So.2d 837 (La.1974); Succession of Schmidt, 219 La. 675, 53 So.2d 834 (1951). Capacity is tested as of the time the will was made. LSA-C.C. Art. 1472; Stewart v. Branch, 250 So.2d 474 (La.App. 1st Cir. 1971), writ denied 259 La. 905, 253 So.2d 224 (1971), and the burden of proving lack of capacity rests on the party alleging it. Woods v. Society for Propagation of Faith, 251 So.2d 438 (La.App. 1st Cir. 1971), writ denied 259 La. 897, 253 So.2d 221 (1971). The degree of proof required to overcome the presumption of testamentary capacity is similar to that required to overcome the presumption of innocence in favor of a person being tried for a crime. Succession of Collins v. Hebert, 377 So.2d 516 (La.App. 3rd Cir. *365 1979), writ denied 379 So.2d 15 (La.1980); Succession of Brown, 251 So.2d 465 (La. App. 1st Cir. 1971).
A careful review of the entire record convinces us that plaintiffs failed to prove that on March 31, 1976, the date on which decedent made his last will, Felix Riggio did not possess testamentary capacity-
On March 31, 1976, the same day as the challenged will was made, Dr. J. DeLoach Thames, decedent’s treating physician, certified that Mr. Riggio was “now totally unable to care for himself and is physically and mentally incapable of giving a deposition or testifying.” The certificate was honored and decedent’s scheduled deposition in a matter closely related to the present one, Succession of Riggio, Docket No. 12,514 (La.App. 1st Cir. 1980), was can-celled.
Dr. Thames testified to the accuracy of his March 31, 1976, opinion and stated that while decedent was sometimes able to recognize him (Dr. Thames) after being informed of his (Dr. Thames’) identity, decedent was not capable of making a last will and testament on the date in question.
Mrs. Cannizzaro’s testimony supported that of Dr. Thames.
Despite the testimony of Dr. Thames and Mrs. Cannizzaro, and despite the failure of defendant to testify, it is evident that plaintiffs have not carried their burden of proof.
In Succession of Riggio, supra, decedent was relieved of the burden of being deposed. Nevertheless, on March 22,1978, the same attorney who had earlier prevented the taking of Mr. Riggio’s deposition, chose to take his deposition. That deposition, taken two years after decedent had been certified unable to be deposed and only sixty-nine days prior to his death, is most revealing. Felix Riggio, while obviously frail and beset by numerous ailments, many connected with his advanced age of eighty-nine years, was lucid beyond a doubt. He recalled and recounted, in detail, financial matters associated with his son, Peter, which had occurred over many years.[5] Mr. Riggio, though elderly and infirm, was obviously in possession of his faculties.
We have no doubt that not only have plaintiffs failed to prove that their father lacked testamentary capacity but also that, in fact, Felix Riggio had capacity and did make a valid will on March 31, 1976.
IV. COLLATION
A demand for collation must be brought as an incident to a succession proceeding. Blossman v. Olsen, 365 So.2d 545 (La.App. 1st Cir. 1978), writ denied 365 So.2d 1374 (La.1978); Owen v. Owen, 336 So.2d 782 (La.1976). The trial court found that collation was not properly at issue and failed to rule on it. While the issue should have been decided on original hearing, no irreparable harm has occurred and the matter will be decided on remand.[6]
SUMMARY
For the foregoing reasons, that part of the judgment appealed from which found Anna Cannizzaro’s application for administration to be premature is annulled and reversed. It is hereby adjudged, ordered and decreed that Anna Cannizzaro has been and is the administratrix of the succession of Felix Anthony Riggio, subject to replacement on the timely presentation and probate of a valid will.
Those parts of the judgment requiring that a proper petition for probate be filed and that a proper hearing for proving the testament be held are affirmed.
That part of the judgment finding that plaintiffs failed to prove their father’s lack of capacity is affirmed.
That part of the judgment holding that collation was not before the court is annulled and reversed. It is hereby adjudged, ordered and decreed that the question of *366 collation is to be decided on remand in conjunction with the probate hearings.
All costs are to await a final determination on the merits.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. Had the will been brought forward prior to plaintiffs appointment, this issue would not have arisen and decedent’s wishes would have prevailed. LSA-C.C.P. Art. 3083.

. While there is little doubt that defendant knew of plaintiffs administration, the adminis-tratrix was under no obligation to notify him of her appointment since he did not formally request notice. LSA-C.C.P. 3091. Succession of Smith, 219 So.2d 291 (La.App. 3rd Cir. 1969).

. We cannot deprive Peter Riggio of his right to be executor under the will. That he has interests contrary to those of other heirs is not a ground to find him unfit to be executor. LSA-C.C.P. Art. 3097(6). Succession of Browne, 244 La. 36, 150 So.2d 555 (1963).

.Defendant did not appear at trial and no witnesses were called on his behalf. The purported will was sought to be probated by affidavits only, an improper procedure since the will was under attack. LSA-C.C.P. 2887.
Regardless of whether the will was probated or not, it was admissible as evidence and could be considered in determining whether the party proposing or opposing the will had a right of action or whether the will would prevail as against other purported wills or as against the claim (as in the present case) that decedent died intestate. David v. David, 347 So.2d 885 (La.App. 3rd Cir. 1977); Succession of Feitel, 187 La. 596, 175 So. 72 (1937).

. Those financial matters were the same ones as are at issue in the present case.

. Also to be decided on remand is the matter of which Felix Anthony Riggio is referred to by decedent’s will.