TUCKER, Judge:
Demar Roberts, an heir of the decedents, his parents, Emmett N. Roberts and Emma Courtney Roberts, filed a petition to be qualified as administrator of their successions. The only asset involved, however, is a paraphernal immovable in Emma Courtney Roberts’ succession. Petitioner qualified on September 11, 1969, and filed a detailed descriptive list evaluating his mother’s immovable at $13,700.00.
On July 10, 1970, some eleven months later, Demar Roberts filed a petition for private sale of immovable property to a person not one of the heirs for $8,000.00 cash stating as his reasons, “ * * * to realize sufficient funds to pay the debts and charges of the succession and to divide the property properly between the heirs.”
Subsequently, the other ten heirs timely filed an opposition to the sale. An examination of the record indicates that some of the heirs of Emmett N. and Emma Courtney Roberts feel that the $8,000.00 price for which Demar Roberts sought to sell the property in question is insufficient. It *611 indicates, also, that certain of the aforementioned heirs showed an interest in buying the property themselves. The trial court limited the opposition hearing to the question of whether or not $8,000.00 was a reasonable price for the succession property,
Following judgment on the petition by Demar Roberts to sell the succession property the other ten heirs of Emmett N. and Emma Courtney Roberts filed a petition accepting the successions of their parents simply and unconditionally and asking to be sent into possession thereof. The Judge of the lower court refused to sign the judgment, however. From a judgment on October 9, 1970, authorizing the property to be sold as originally prayed for by the administrator, the other heirs have appealed.
The primary purpose of a succession administration is payment of the debts of the succession. All powers and duties of an administrator as outlined in Code of Civil Procedure article 3191 are incidental to this purpose. Where there are no debts, as in the present case (Tr. 38, 39), there would seem to be no need for an administration. Moreover, inasmuch as the successions were without debt, the act of De-mar Roberts in petitioning the court for the sale of the assets thereof should have been construed as an acceptance by him of those successions. Hence, when the other ten heirs filed a petition October 21, 1970, accepting the successions of their parents simply, the judge of the lower court, under the mandatory language of C.C.P. arts. 3001 and 3061, should have sent all eleven heirs into possession of their parents’ successions.
Although a partition by licitation ordinarily is improper while the succession is in the hands of an administrator [Succession of Fontenot v. Demaret, 185 So.2d 861, 865 (La.App.3d Cir. 1960)] C.C.P. art. 3462 provides that, if the heirs could be placed in possession of the succession, as is the case here where there are no debts, then, at that point one or some or all of the heirs may petition for a partition of the assets. In any demand for partition, whether prior to being placed in possession of the succession or after, the court would have to pass upon the adequacy of the proposed terms.
The judgment of the trial court permitting the private sale of the succession property is hereby reversed and set aside, and this matter is remanded for the purpose of permitting the trial judge to sign an order placing the heirs of the decedents in possession of their respective estates, and for any other proceedings which may be consistent with the views expressed herein. The costs of this appeal are to be borne by the succession of Emma Courtney Roberts.
Reversed and remanded.