285 So.2d 545 (1973)
SUCCESSION of Roy Watson SHARBINO
v.
ADMINISTRATION.
Lillian B. SANDERS, Administratrix and Appellee,
v.
Florence SHARBINO et al., Opponents and Appellants.
No. 4352.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
Rehearing Denied December 3, 1973.
Irving Ward-Steinman, Alexandria, for defendant-intervenor-appellant.
*546 Pharis & Pharis by James A. Pharis, Jr., Alexandria, for plaintiff-appellee.
Before CULPEPPER, MILLER and PONDER, JJ.
CULPEPPER, Judge.
Lillian B. Sanders, one of the six children of Roy Watson Sharbino by his first marriage, qualified as administratrix of his intestate succession. In due course, she secured an order to sell the succession property to pay debts.
Florence Sharbino, surviving widow of the deceased by his second marriage, filed a petition nominated "Intervention", in which she alleges: (1) The Succession owes her one-half of the enhancement in value to the decedent's separate realty resulting from improvements made with community funds of the second marriage; (2) that certain items of household furnishings listed as the separate property of the decedent are owned by the community of the second marriage; and (3) that the succession owes her $500 which she advanced to the decedent.
The surviving widow also joined with some of the other children of the first marriage, and two acknowledged natural children of the decedent, in a petition to (1) remove the administratrix, (2) stop the sale of the succession property, (3) terminate the administration and (4) recognize the acknowledged natural children as heirs.
The district judge sustained exceptions of no cause of action both to the "intervention" of the widow and the petition of the widow and other heirs to remove the administrator and for other relief. The parties cast appealed.
The issues are: (1) Does the "intervention" of the surviving widow, Florence Sharbino, state a cause of action for claims against the succession? (2) Does the joint petition of the surviving widow and certain heirs state a cause of action?
"INTERVENTION" OF THE SURVIVING WIDOW, FLORENCE SHARBINO
Florence Sharbino makes the following allegations in her petition of "intervention": The decedent first married Minnie Basco Sharbino. This marriage produced six children and terminated by divorce in November of 1942. In January of 1950, the decedent acquired a tract of land for the price of $1,900. The deed stated that he was married to and living with Minnie Basco Sharbino, but this was an error since they were divorced and had not remarried. The decedent married appellant, Florence Sharbino, in 1953. No children were born of the marriage, which continued to the date of his death in June of 1972. After intervenor's marriage to the defendant in 1953, approximately $2,800 of funds belonging to the second community were used to make improvements to the separate property of the decedent. These improvements enhanced the value of the realty and she is entitled to one-half the amount of this enhancement. Additionally, certain household furnishings listed as separate property of the decedent belong to the community between the surviving widow and the decedent. Also, she alleges the estate of the decedent is indebted to her in the sum of $500 of her separate funds which she loaned to him.
In her "intervention", the widow prays that her claims against the succession be recognized and paid out of any proceeds of the sale.
It is clear that the widow's "intervention" alleges a cause of action for claims against the succession as described above. These claims have been rejected by the administratrix, making judicial determination necessary. The district judge erred in sustaining the exception of no cause of action to the "intervention."
*547 PETITION TO REMOVE ADMINISTRATRIX AND FOR OTHER RELIEF
The surviving widow Florence Sharbino, joined with James Henry Sharbino and Modesta Sharbino Barbo, two of the six legitimate children of decedent's first marriage, and with Elizabeth Ann Sharbino Sketoe and Lorrita Sharbino Warren, alleged acknowledged natural children of the decedent, in a petition in which they seek the following: (1) the removal of Lillian S. Sanders as administratrix; (2) the vacation of the order for the sale of the succession property; (3) the termination of the administration; and (4) the recognition of the acknowledged natural children as heirs. We will discuss each demand separately and decide whether a cause of action for such relief is alleged.
LSA-C.C.P. Article 3182 provides the grounds for removal of an administrator, such as incapacity, mismanagement of the estate, failure to perform a duty imposed by law or order of court, etc. None of these statutory grounds are alleged in the petition for removal. The grounds alleged for removal of the administratrix are that there are no debts due by the succession and that the administratrix failed to advise the court of the existence of the two acknowledged natural children. These are not causes to remove the administratrix under Article 3182. We conclude there is no cause of action alleged for the removal of the administratrix.
The petition next prays that the order for the sale of the succession property be vacated, the administration be terminated and petitioners' rights to the succession be recognized. Here again, the only grounds alleged for these demands is that the succession owes no debts. As to stopping the sale, LSA-C.C.P. Article 3261 allows the sale of succession property to pay debts, "or for any other purpose, when authorized by the court." Thus a mere allegation of no debts does not state a cause of action to vacate an order for the sale of succession property. The court had a right to order the sale for other purposes.
As to dispensing with the administration and placing the heirs in possession, petitioners do not allege that all of the competent heirs accept the succession unconditionally. This is a necessary prerequisite to dispensing with administration and placing the heirs in possession, LSA-C.C.P. Article 3001 et seq.; Succession of Houssiere, 146 So.2d 483 (La.App. 3rd Cir. 1962).
The final relief sought by the petition is the recognition of decedent's two acknowledged natural children as heirs. The facts alleged are that after the decedent divorced his first wife, he and his first wife lived together again and had two more children, Elizabeth Ann Sharbino Sketoe and Lorrita Sharbino Warren. It is alleged that the decedent acknowledged these children by stating in their birth certificates that he was their father and by publicly holding them out as his children.
LSA-C.C. Article 919 pertinently provides that "Natural children are called to the inheritance of their natural father, who has duly acknowledged them, when he has left no descendants * * *,"
Succession of Vincent, 229 So.2d 449 (La.App. 3rd Cir. 1970), writs denied by the Louisiana Supreme Court, 255 La. 480, 231 So.2d 395, and affirmed on appeal to the United States Supreme Court, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288, is controlling here. The courts held in similar succession proceedings that the provisions of LSA-C.C. Article 919, which give preference to legitimate descendants over acknowledged natural children, do not violate the state or federal constitutions. Under these authorities, the acknowledged natural children in the present case have not stated a cause of action.
For the reasons assigned, we affirm that part of the judgment of the district court which sustains the exception of no cause of action to the petition of Mrs. Florence *548 Sharbino, et al. to remove the administratrix and for other relief. We reverse and set aside that part of the judgment which sustains the exception of no cause of action to the petition of "intervention" filed by Florence Sharbino for recognition of her claims against the succession. This case is remanded to the district court for further proceedings on the "intervention", and such other proceedings as are necessary to the administration of the succession in accordance with law and the views expressed herein. All costs of this appeal are assessed against the appellants. Assessment of costs in the district court will await a final determination there.
Affirmed in part, reversed and remanded in part.