378 So.2d 202 (1979)
SUCCESSION OF Andrew H. CAFFAREL, Sr.
No. 9973.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1979.
Rehearing Denied January 18, 1980.
Writ Refused March 3, 1980.
Garland R. Rolling, Metairie, for Administratrix of Mrs. Andrew H. Caffarel, Sr.
Lucas F. Bruno, Jr., New Orleans, for Administrator of Andrew H. Caffarel, Sr.
Before REDMANN, BOUTALL and SCHOTT, JJ.
REDMANN, Judge.
When Andrew H. Caffarel died intestate on December 18, 1965, leaving only community property, his widow, son and daughter did not open succession proceedings. The son's son did, however, when the son died ten years later. In the capacity of administrator of his grandfather's succession, he then sought to take possession of and to administer the succession assets, resulting in the present dispute with the widow.
This is an appeal by the grandson-administrator from a judgment that placed the widow in possession of the community (half as owner and half as usufructuary) on a petition by herself alone and that dismissed the grandson's petition for an accounting of succession assets and for penalties for concealing assets. After the appeal was argued the widow died and, after unsuccessful attempts at settlement, the widow's succession representative was substituted. What was a dispute between widow and grandson remains the basis of a dispute between succession representatives.
*203 The basic question is whether the surviving spouse in community had the right to be put into possession of her half of the community property and her usufruct of the decedent's half, notwithstanding that an administration had begun (and notwithstanding that one major heir died leaving a minor among his heirs).
The administrator first argues that a petition by a widow alone is unauthorized by C.C.P. 3362. That article provides that during an administration "the heirs" may file a petition for possession "as provided in Articles 3001 through 3008, except that the proceeding shall be contradictory with the administrator." The administrator points out that the widow in community of an intestate (with children of the marriage) is not an heir, but a co-owner and the beneficiary of a legal usufruct. Then, because of C.C.P. 3001's and 3004's provisions for placing the heirs in possession when "all the heirs" or "the competent heirs" accept the succession unconditionally, the administrator argues that the widow's petition fails to state a cause of action because it does not (and can not) aver that all the competent heirs accept unconditionally. (The administrator's brother, also an heir, is incompetent because a minor.)
Moreover, although the second paragraph of art. 3001 may allow the widow alone to petition for possession (when no administration has begun), the administrator argues that such a petition is not one by "the heirs" within art. 3362.
The administrator's counsel skillfully and exhaustively examines the relevant provisions of the Code of Civil Procedure in arguing that arts. 3001 and 3004 do not authorize the widow's being placed in simple possession unless all the competent heirs have accepted the succession and that when, as here, the succession has been under administration, art. 3362 only authorizes "the heirs" and not the widow to terminate the administration. But the decisive interpretations notwithstanding the grandson's respectable contrary reviewsare first, that "heirs" in art. 3362, by reference to C.C.P. 3001-3008, includes the widow in community of the intestate although she is not an heir in Civil Code terms, and second, "such cases" in the last paragraph of art. 3004 means simply cases in which not all heirs are competent.
We so interpret the articles because the administrator's interpretation could force an unnecessary administration upon a surviving spouse in community merely because one of the competent heirs desires one (perhaps to collect administrator's fees). In the case of the surviving spouse in community the substantive law, La.C.C. 916, gives the survivor the usufruct of the community property that the children of the marriage inherit and therefore descendants have no present right to possession. For that reason the procedural law, quite clearly in C.C.P. 3001 if less clearly in C.C.P. 3004, allows the widow to obtain simple possession without the necessity of the concurrence of the descendant (or other) heirs.

C.C.P. 3001
The heirs of an intestate shall be recognized by the court, and sent into possession of his property without an administration of the succession, on their ex parte petition, when all of the heirs are competent and accept the succession unconditionally, and the succession is relatively free of debt. A succession shall be deemed relatively free of debt when its only debts are succession charges, mortgages not in arrears, and debts which are small in comparison with the assets of the succession.
The surviving spouse in community of an intestate shall be recognized by the court on ex parte petition as entitled to the possession of an undivided half of the community, and of the other undivided half to the extent that he has the usufruct thereof, without an administration of the succession, when the community is accepted, and the succession is relatively free of debt, as provided above.
We do not agree with the administrator that the last sentence of the second paragraph of art. 3001 requires the acceptance *204 by all of the competent heirs as well as by the surviving spouse. We concede that the phrase "as above provided" may modify both "when the community is accepted" and "[when] the succession is relatively free of debt," and not the latter clause alone. Nevertheless it is "the community" that must be accepted "as above provided," and it is only a surviving widow who has the choice of accepting or not accepting the community. In that context, "as above provided" evidently refers to accepting "unconditionally," as provided in the first paragraph for the heirs' acceptance (and also refers to the definition of relative freedom from debt provided in the first paragraph).
Indeed, while C.C.P. 3002 by speaking first of the petition of the heirs and then of the petition of the surviving spouse affords some support to the grandson's argument that C.C.P. 3362's "heirs" does not include a surviving spouse, art. 3002's express differentiation of the "petition of the surviving spouse" reinforces the conclusion that the spouse may petition alone. Although the surviving spouse's petition need not allege heirship, "if he claims the usufruct of any interest in the community property, [it] shall allege the facts showing that he is entitled thereto." That language addresses unmistakably the case of descendants from the marriage, because only in that case does usufruct result from intestacy under C.C. 916. Accordingly C.C.P. 3002 expects that a surviving spouse may petition alone for possession, notwithstanding that there are heirs who do not join in the petition (and who will not be sent by the resulting judgment of possession into "possession" of the deceased spouse's interest of which the surviving spouse enjoys the usufruct).

C.C.P. 3004
Appellant argues that C.C.P. 3004 supports the conclusion that the widow can only be placed in possession when the heirs are. Art. 3004 as originally enacted provided:
The heirs of an intestate may be recognized by the court, and sent into possession of his property without an administration of his succession, on the ex parte petition of those of the heirs who are competent, in all cases when the competent heirs accept the succession unconditionally, and none of the creditors of the succession has demanded its administration.
In such cases, the surviving spouse in community of the deceased may be recognized by the court as entitled to the possession of the community property, as provided in Article 3001.
The original text thus supported a grammatical argument that "such cases" in the second paragraph were "cases when the competent heirs accept ...." There was, however, no evident purpose to allowing an intestate's competent heir to deprive his mother or (as in our case) grandmother of possession while he insists on an unnecessary administration because of the wholly unrelated circumstance that some other heir is incompetent. We therefore interpret "such cases" as originally referring only to cases in which not all of the heirs are competent, and we interpret the second paragraph to provide only that art. 3001's allowance of the widow's petition for possession is not less available if there are incompetent heirs.
After the first paragraph of art. 3004 was amended by La.Acts 1961 No. 23, the first paragraph no longer spoke of "cases," and the second paragraph's "such cases" is now not even grammatically related to the competent heirs' acceptance. We interpret "such cases" in art. 3004 today as referring to cases in which one or more heirs are incompetent and, in such cases, art. 3004 equally allows the surviving spouse to petition for possession for himself or herself.

C.C.P. 3362
The administrator argues that a petition by a widow alone is unauthorized by C.C.P. 3362's provision that during an administration "the heirs" may file a petition for possession "as provided in Articles 3001 through 3008, except that the proceeding shall be contradictory with the administrator."
*205 Our view is that C.C.P. 3362 merely adds to the simple possession rules that, when an administrator has been appointed, the petition for possession is no longer ex parte; "the proceeding shall be contradictory with the administrator." In allowing sending "the heirs ... into possession ... as provided in Articles 3001 through 3008," art. 3362 cannot intend to exclude the surviving spouse from its benefits. Presumably the grandson would concede that if heirs (in the Civil Code sense) and surviving spouse together petitioned, C.C.P. 3362 would allow spouse as well as heirs to be sent into possession. Yet the article uses only the expression "heirs" three times. We interpret "heirs" in C.C.P. 3362 as necessarily including the surviving spouse.

List of Assets
We recognize the heirs' entitlement to a correct descriptive list of the assets of the succession. Their remedy, however, is to traverse the incorrect list by their own knowledge and by discovery of the surviving spouse's knowledge of assets belonging to the community.
Affirmed.