434 So.2d 523 (1983)
SUCCESSION OF Knox Leon PYLE, Sr.
No. 15450-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1983.
*524 Love, Rigby, Dehan, Love & McDaniel by Truly W. McDaniel, Shreveport, for appellants Knox Leon Pyle, Jr., Doris Pyle Carpenter, Louis Pyle, and Joseph Pyle.
Billy R. Robinson, Bossier City, for appellee Maurine Brooks Pyle.
Before HALL, MARVIN and NORRIS, JJ.
HALL, Judge.
Three of the four major children of the decedent, Knox Leon Pyle, Sr., appeal from a judgment of the district court rendered in an ex parte succession proceeding recognizing the decedent's surviving spouse as the owner of and placing her in possession of her undivided one-half interest in the community property together with the usufruct of the decedent's one-half interest, and recognizing the major children as the naked owners of decedent's share of the community subject to the widow's usufruct.
Appellants contend on appeal that the district court erred in granting a judgment of possession pursuant to the surviving spouse's ex parte petition because it was not alleged or established that the succession was accepted unconditionally by the decedent's competent heirs or that the succession is relatively free from debt.
On November 19, 1982 decedent's widow filed a petition for possession alleging that the decedent died intestate on May 15, 1982, survived only by his widow, Maurine Brooks Pyle, and four major children of a prior marriage which ended in divorce. It was alleged that the decedent's estate consisted entirely of community property. It was further alleged that the estate is relatively free from debt except for the expenses of last illness and burial expenses, which petitioner obligated herself to pay, and that there is no necessity for an administration of the estate. Mrs. Pyle prayed to be recognized as the surviving spouse in community and as such entitled to the ownership and to be sent into possession of an undivided one-half of the community property and of the usufruct of the other undivided one-half. She further prayed that the four major children be recognized and decreed to be the sole heirs of the decedent and as such entitled to ownership and to be put into possession of an undivided one-fourth interest each of decedent's share of the community property, subject to her usufruct.
The allegations of the petition for possession were verified by the affidavit of the petitioner as required by LSA-C.C.P. Art. 3002, and an affidavit of two persons was attached to the petition as evidence of the allegations thereof as required by LSA-C. C.P. Arts. 3003, 2821, and 2823. A detailed descriptive list of all succession property and debts was attached to the petition as required by LSA-C.C.P. Art. 3136 and LSA-R.S. 47:2408(A). Also attached to the petition was a certificate from the State Department of Revenue & Taxation showing that no inheritance taxes were due as required by LSA-C.C.P. Arts. 2951 et seq.
According to the detailed descriptive list the community property consists of checking and savings accounts totaling $45,706.97 and movable property valued at $4,100, for a total value of $49,806.97. The debts listed include succession charges of $5,220.19 and other debts, mostly hospital and doctor bills for expenses of the decedent's last illness, of $23,625.32, or total debts of $28,845.51. The value of the community assets exceeds the total debts by $20,961.46.
Contrary to appellants' argument, LSA-C.C.P. Arts. 3001 and 3002 provide a procedure whereby the surviving spouse in community of an intestate may be recognized by the court on ex parte petition of the surviving spouse as entitled to the possession of an undivided one-half of the community *525 and to the other undivided one-half to the extent that the surviving spouse has the usufruct thereof, separate and apart from any petition for possession or acceptance of the succession by the heirs of the intestate.
In Succession of Caffarel, 378 So.2d 202 (La.App. 4th Cir.1980), writ refused 381 So.2d 509 (La.1980), the court noted that to require concurrence by all competent heirs would force an unnecessary administration upon a surviving spouse in community and that the decedent's heirs have no present right to possession of the community property of which the surviving spouse has the usufruct, and squarely held:
"For that reason, the procedural law, quite clearly in C.C.P. 3001 ... allows the widow to obtain simple possession without the necessity of the concurrence of the descendant (or other) heirs....
"Accordingly C.C.P. 3002 expects that a surviving spouse may petition alone for possession, notwithstanding that there are heirs who do not join in the petition (and who will not be sent by the resulting judgment of possession into `possession' of the deceased spouse's interest of which the surviving spouse enjoys the usufruct)."
The cases cited by appellants, Succession of Browne, 142 So.2d 494 (La.App. 2d Cir. 1962), affirmed 244 La. 36, 150 So.2d 555 (1963); Succession of Houssiere, 146 So.2d 483 (La.App. 3d Cir.1962), affirmed 247 La. 764, 174 So.2d 521 (1965); Succession of Sharbino v. Administration, 285 So.2d 545 (La.App. 3d Cir.1973); and Abrams v. Succession of Abrams, 252 So.2d 705 (La.App. 1st Cir.1971); are inapposite. These cases involved petitions by some but less than all of the competent heirs of decedents and none of the cases involved a petition for possession by a surviving spouse in community.
The judgment of possession is correct to the extent that, pursuant to the surviving spouse's ex parte petition, it recognizes the surviving spouse as entitled to the ownership and possession of her one-half of the community property and the usufruct and possession of the decedent's one-half of the community property. However, since the intestate decedent's heirs did not join in the petition for possession and since it is not established that they have accepted the succession unconditionally, the judgment of possession is incorrect insofar as it purports to recognize the heirs as the naked owners of the decedent's half of the community and to send the heirs into possession of the decedent's one-half of the community subject to the usufruct of the surviving widow. To this extent the appellants' argument is well taken and the judgment of the district court will be amended accordingly.
The surviving spouse in community is entitled to be recognized by the court on ex parte petition as entitled to the possession of community property, without an administration of the succession, only when the succession is relatively free of debt. A succession shall be deemed relatively free of debt when its only debts are succession charges, mortgages not in arrears, and debts which are small in comparison with the assets of the succession. Although the granting of a judgment of possession by the court is mandatory when the conditions imposed by LSA-C.C.P. Arts. 3001, 3002, and 3061 are met, the decision as to whether a succession is to be deemed relatively free from debt is a matter for discretionary determination by the district court in accordance with the guidelines of LSA-C.C.P. Art. 3001. "The primary purpose of a succession administration is payment of the debts of the succession.... Where there are no debts ... there would seem to be no need for an administration." Succession of Roberts, 255 So.2d 610 (La.App. 1st Cir. 1972). See also Succession of Sharp, 288 So.2d 413 (La.App. 4th Cir.1974).
As previously noted, the community property in this case includes checking and savings accounts of $45,706.97 and the total debts are $28,845.51. The total value of the community assets exceeds the total debts by $20,961.46.
*526 Considering the liquidity of the community assets, with checking and savings accounts far in excess of the debts owed, and the legal obligation and agreement of the surviving spouse in community to pay the debts which consist primarily of expenses of the decedent's last illness, the debts are small in comparison with the assets, and the succession should be deemed to be relatively free of debt. Availability of cash assets to pay debts is a proper consideration in determining relative freedom from debt. On the face of the descriptive list filed in this succession proceeding, it appears that the debts of the community can easily be discharged from the community checking account. There would appear to be no reason for an administration of the succession and no potential prejudice to creditors or to the legal heirs whose ownership interest in the community assets is subject to the surviving spouse's usufruct. There was no abuse of discretion or manifest error on the part of the district court in determining that this succession is "relatively free from debt" and in granting the ex parte petition for possession by the surviving spouse in community.
For the reasons assigned the judgment of the district court is amended to eliminate the provisions thereof relative to ownership and possession of the decedent's children and heirs, Doris Pyle Carpenter, Knox Leon Pyle, Jr., Louis Pyle, and Joseph Pyle, and is recast as follows:
It is ordered, adjudged, and decreed that:
(1) Maurine Brooks Pyle, widow of Knox Leon Pyle, Sr., is hereby recognized as the surviving spouse in community of her late husband, Knox Leon Pyle, Sr., and as such is entitled to the ownership and possession of an undivided one-half interest in all of the property belonging to the community existing between said surviving spouse and the decedent, and is entitled to the usufruct and possession of the other undivided one-half interest in said community property.
(2) The said community property includes, but is not limited to the following:
Checking Account with American Bank, Shreveport, Louisiana; Account No. 687855;
Savings Account with American Bank, Shreveport, Louisiana; Account No. 283234-8;
Checking Account # XXXXX-XX-X, Commercial National Bank, Shreveport, Louisiana;
One (1) 1980 Oldsmobile Automobile, bearing Vehicle Identification Number 3X69RAM242983;
One (1) 1975 Chevrolet Pick Up Truck, bearing Vehicle Identification Number CCV145A143315;
Furniture, fixtures and household goods located at 1503 Leslie, Bossier City, Louisiana.
(3) All banks, trust companies, insurance companies, and all other persons, partnerships, unincorporated associations, or corporations having on deposit or in their possession or under their control any money, credit, stocks, dividends, bonds, or other property belonging to the community formerly existing between Knox Leon Pyle, Sr. and Maurine Brooks Pyle are authorized to deliver such property to Maureen Brooks Pyle who, as surviving spouse in community and usufructuary, is entitled to the possession thereof.
As amended the judgment is affirmed. Costs of the appeal are assessed to the appellants.
Amended, and as amended, affirmed.