STOKER, Judge.
Kathryn Gaspard Rine appeals a judgment awarding possession of her deceased mother’s property to her, her father and her half-sister.
Verna Jeter Gaspard died intestate on June 3, 1985. She was survived by her husband, Irvin J. Gaspard, and two daughters, Kathryn Gaspard Rine, born of the marriage to Gaspard, and Linda Jeter Ho-gue, born before that marriage. Mr. Gas-pard filed a petition for possession, asking that he be named owner of his one-half interest in the community property, and that Mrs. Gaspard’s daughters be named owners of her half, subject to a usufruct in favor of Mr. Gaspard. He attached an affidavit of death and heirship, a detailed descriptive list, and proof of payment of federal estate taxes. A judgment of possession was rendered as prayed for on February 10, 1986.
On April 7, 1986 Kathryn Gaspard Rine filed a rule to show cause why the detailed descriptive lists and the judgment of possession should not be amended. A week later, prior to the hearing on the rule, she was granted an appeal from the judgment. She contends that the trial court erred in sending the two daughters into possession, as they were neither joined in Mr. Gas-pard’s petition, nor was it alleged that they were incompetent. Linda Jeter Hogue did not appeal from the judgment of possession.
LSA-C.C.P. art. 3001 allows a surviving spouse to be placed in possession of his half of the community and of the usu-fruct of the intestate’s half without an administration. The concurrence of other heirs is not necessary. Succession of Caffarel, 378 So.2d 202 (La.App. 4th Cir.1979), writ denied, 381 So.2d 509 (La.1980). Thus, the court was authorized to grant possession to Irvin Gaspard.
However, the court erred in sending the two daughters into possession of their mother’s property, subject to Mr. Gas-pard’s usufruct. Mrs. Rine and Mrs. Ho-gue did not join in the petition. The petition contains an allegation that “petitioners accept the succession of the decedent simply and unconditionally,” but since the daughters are not named as petitioners, we have no signification of their intent to accept the estate unconditionally. An allegation that all of the competent heirs accept the intestate’s succession unconditionally is a necessary prerequisite to dispensing with administration and placing the heirs in possession. Succession of Sharbino v. Administration, 285 So.2d 545 (La.App. 3d Cir.1973), writ not considered, 294 So.2d 546 (La.1974).
*523 A similar situation was involved in Succession of Pyle, 434 So.2d 523 (La.App. 2d Cir.1983). In that case, three of the four major children of decedent, who had been sent into possession of their father’s succession along with his surviving spouse, appealed the judgment of possession. The court stated:
“[S]ince the intestate decedent’s heirs did not join in the petition for possession and since it is not established that they have accepted the succession unconditionally, the judgment of possession is incorrect insofar as it purports to recognize the heirs as the naked owners of the decedent’s half of the community and to send the heirs into possession of the decedent’s one-half of the community subject to the usufruct of the surviving widow. To this extent the appellants’ argument is well taken and the judgment of the district court will be amended accordingly.” 434 So.2d at 525
Irvin J. Gaspard argues that Pyle should be distinguished factually from the case before us. In his appellate brief he reveals other circumstances and transactions which he alleges show a “de facto” joinder by Mrs. Rine. These facts, however, are not in the record, and we cannot consider them in our appellate review. LSA-C.C.P. art. 2164; Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965).
Since Mrs. Rine and Mrs. Hogue did not join in the petition for possession, nor does the record show that they accepted their mother’s succession unconditionally, we amend the judgment of the trial court to eliminate the provisions pertaining to them. That portion of the judgment which recognizes Irvin Gaspard as the surviving spouse of the decedent and sends him into possession of his half of the community property and the usufruct of the decedent’s half is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.