COOKS, J.,
dissenting.
h The three children and only heirs of the intestate decedent filed a petition for possession without administration. A Detailed Descriptive List showing the assets and debts of the succession was also filed. The decedent’s separate and community property assets are listed, totaling an esti *90 mated $249,356.50 plus an undetermined amount of interest earned during the marriage on stock dividends, security funds and investments owned by Francis Clyde Griggs (Mr. Griggs). The total debts of the Succession are listed as $76,583.00 which includes a mortgage in the amount of $11,780.00; funeral expenses totaling $10,803.00; attorney fees and court costs $4,000.00; and $50,000.00 medical bills. The succession is not under administration. No creditor petitioned for an administration, and neither did Mr. Griggs or any of the three children. The heirs were willing to accept the succession and be placed in possession without the benefit of an inventory or appraisal of assets. Counsel for plaintiffs and defendants both admitted in oral argument that an administration is not needed.
Article 3001 of Code of Civil Procedure provides that heirs may be put in possession without an administration when all of the heirs are competent and all accept the succession and when “the succession is relatively free of debt”. The code defines a succession as “relatively free of debt” when “its only debts are administration expenses, mortgages not in arrears, and debts of the decedent that are small in comparison with the assets of the succession”. La.Code Civ. P. art. 3001(A). Based on the representations in the detailed descriptive list, and the amended list, the heirs of this succession could be sent into possession without an | ^administration. Leaving out the mortgage which is not in arrears, and administration costs, the debts of the decedent are small in comparison with the assets. See for example Succession of Pyle, 434 So.2d 523 (La.App. 2 Cir., 1983) wherein the court found that a succession was “relatively free from debt” where it had assets of $45,706.97 and debts of $28,845.51. The ratio of assets to debts in the succession before us is much greater.
The Louisiana Civil Code provides in Article 934 “Succession occurs at the death of a person” and in Article 935 provides “Immediately at the death of the decedent, universal successors acquire ownership of the estate and particular successors acquire ownership of the things bequeathed to them.” La.Civ.Code Art. 935 further provides “Prior to qualification of a succession representative only a universal successor may represent the decedent with respect to the heritable rights and obligations of the decedent.” La.Civ.Code Art. 936 provides “The succession of the decedent is transferred to his successors, whether testate or intestate, whether particular, general, or universal legatees. A universal successor continues the possession with all its advantages and defects, and with no alteration in the nature of the possession.” Particularly relevant to the issue before us are the further provisions of the Louisiana Civil Code in Article 938 which provides: “(A) Prior to the qualification of a succession representative, a successor may exercise rights of ownership with respect to his interests in a thing of the estate as well as his interest in the estate as a whole. (B) If a successor exercises his rights of ownership after the qualification of a succession representative, the effect of that exercise is subordinate to the administration of the estate.”
The three heirs in this case acted prior to the qualification of a succession representative and under the express provisions of La.Civ.Code Art. 938(A), they have standing and they enjoy the right to exercise their rights as owners in any “thing” belonging to the estate, such as a guitar, or as to their interest in the whole Restate. It is true, as the majority points out, that La. Code Civ. P. art. 685 (emphasis added) provides in part: “Except as provided by law, the succession representative appointed by a court of this state is the proper *91 plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration.” However, when read with the aforementioned Code articles it is clear that Article 685 applies only after a succession representative has been appointed. It is not necessary in this case to appoint a succession representative as acknowledged by all parties concerned. The administration of this relatively small succession will needlessly deplete the assets. For these reasons I do not agree with the majority’s granting an exception of no right of action on our own motion. I believe the heirs have a legal right to proceed, and we must review their appeal. For these reasons I must respectfully dissent.