428 So.2d 876 (1983)
In the Matter of the SUCCESSION OF Ted F. DUNHAM, Sr.
No. 82 CA 0486.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*877 Ashton L. Stewart, Baton Rouge, for plaintiff-appellant Katharine O. Dunham.
Leon Gary, Baton Rouge, for defendant-appellee Fred R. Endsley, Executor.
Thomas H. Benton, Baton Rouge, for defendant-appellee Richard E. Dunham.
David M. Ellison, Jr., Baton Rouge, for defendant-appellee Ted F. Dunham, Jr. et al.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Ted F. Dunham, Sr. died on April 17, 1974. He left a will naming his wife by his second marriage, Katharine O. Dunham, as testamentary executrix. By judgment of the Louisiana Supreme Court dated September 8, 1981 (rehearings denied October 9, 1981) and reported at 408 So.2d 888 (La. 1981), Mrs. Katharine O. Dunham was removed as testamentary executrix. In the present proceeding, Dr. Fred R. Endsley, dative executor of the Succession of Ted F. Dunham, Sr. petitioned by rule to have Stock Certificates Nos. 8 and 9 of Anderson-Dunham, Inc. representing 10 and 480 shares in Anderson-Dunham, Inc. respectively, reissued in the name of Dr. Fred R. Endsley as dative executor. Although it may subsequently be established that the shares are the separate property of Ted F. Dunham, Sr., the parties to the proceeding in rule (the heirs and legatees of Ted F. Dunham, Sr., the surviving spouse, Mrs. Katharine O. Dunham, and the dative executor, Dr. Fred R. Endsley) agreed for purposes of the pending rule to proceed under the Codal presumption that property acquired during marriage, as the stock represented by Certificates Nos. 8 and 9 appears to have been, is community.[1]
The trial court held that Stock Certificates Nos. 8 and 9 should be reissued in the name of Dr. Endsley as dative executor, but ordered that the stock represented by these certificates should not be voted without the concurrence of the surviving spouse. We affirm the judgment of the trial court in ordering that the Stock Certificates Nos. 8 and 9 should be reissued in the name of Dr. Endsley as dative executor, but remove the *878 requirement that Dr. Endsley obtain the concurrence of Mrs. Dunham before voting that stock.
Mrs. Dunham argues that there is no valid legal basis for finding that the dative executor has possession of the surviving spouse's undivided one-half of community property, and hence ordering the stock certificates reissued in his name. It should be noted that Mrs. Dunham has previously filed petitions to partition the community and to be sent into possession of her share of the community. However, counsel for Mrs. Dunham and other counsel agree that the sole issue before this court is the narrow issue taken up on the rule decided below of whether or not Dr. Endsley is legally entitled to have Certificates Nos. 8 and 9 reissued in his name as dative executor.
Mrs. Dunham argues that, as a matter of right, she, not the dative executor, is entitled to possession of the stock. The argument that she is entitled to possession of her community one-half de jure demands an inquiry into when the surviving spouse is entitled to de jure possession of his or her undivided one-half of the community. We can only conceive of two instances in which it could reasonably be said that the surviving spouse would be entitled to possession of his or her undivided one-half of the community, or put another way, only two events could conceivably trigger a de jure possession by the surviving spouse of his or her undivided one-half of the community: (1) the death of the spouse first to die, or (2) the obtaining of a judgment of possession by the surviving spouse. Mrs. Dunham must necessarily take the position that the death of the spouse first to die triggers possession of the surviving spouse of his or her undivided one-half of the community, as Mrs. Dunham claims possession de jure, and if analysis (2) is correct Mrs. Dunham does not enjoy nor is she entitled to possession of the undivided one-half of the community, as she has not obtained a judgment of possession.
However, analysis (2) represented the correct statement of the laws of the state, as the Code of Civil Procedure and the relevant jurisprudence clearly establishes.
Articles 3031 and 3032 of the Code of Civil Procedure provide for the sending of the legatees and surviving spouse in community into possession without administration in the case of a testate succession:
3031.
"When a testament has been probated, and subject to the provisions of Article 3033, the court may send the legatees into possession of their respective legacies without an administration of the succession, on their ex parte petition, when all of the legatees are either competent or are acting through their qualified legal representatives, all competent residuary legatees accept the succession unconditionally, and none of the creditors of the succession has demanded its administration.
"In such cases, the surviving spouse in community of the testator may be recognized by the court as entitled to the possession of the community property, as provided in Article 3001."
3032.
"The petition of the legatees for possession under Article 3031 shall include allegations that all of the petitioners are either competent or are acting through their qualified legal representatives. The person named as executor in the testament shall join in the petition, except as otherwise provided by Article 3033.
"The petition of the surviving spouse in community for possession under Article 3031 shall comply with all of the pertinent provisions of Article 3002.
"The allegations of the petition for possession shall be verified by the affidavit of at least one of the petitioners.
"The allegations of the petition for possession shall be proved as provided in Article 3003."
LSA-C.C.P. art. 3362 provides that the heirs, and inferentially, the surviving spouse in community, seeking possession while the succession is under administration, but before homologation of the final tableau of distribution, must comply with *879 the requirements of LSA-C.C.P. arts. 3001 through 3008.
In the present case, we find no final tableau of distribution has been filed or homologated. Thus, LSA-C.C.P. arts. 3031 and 3032 apply. Because art. 3032 provides for a petition for possession to be filed by the surviving spouse in community, it follows that until a petition for possession is filed and a judgment of possession is obtained by the surviving spouse in community, the surviving spouse in community does not enjoy possession de jure of his or her undivided one-half of the community.
Two relatively recent cases, Succession of Sharp, 288 So.2d 413 (La.App. 4th Cir.1973), writ refused 290 So.2d 911 (La.1974), and Succession of Caffarel, 378 So.2d 202 (La. App. 4th Cir.1979), writ refused 381 So.2d 509 (La.1980), hold that the succession representatives, rather than the surviving spouse in community, enjoy de jure possession of the surviving spouse's one-half community, although the surviving spouse in community may be sent into possession during administration if the succession is relatively free from debt and (an additional requirement found solely in Sharp) the business affairs of the succession are not complex.
In the present case, Mrs. Dunham has petitioned for possession, but her petition for possession is not at issue, by agreement of all counsel, including her own, and she has not been sent into possession of her undivided one-half of the community. Under the provisions of the Code of Civil Procedure and the holdings in Sharp and Caffarel, Mrs. Dunham as surviving spouse in community is not entitled to possession of her undivided one-half of the community, which by Codal presumption includes the stock represented by Stock Certificates Nos. 8 and 9, as she has not been sent into possession, and did not obtain possession of right of an undivided one-half of the community upon the death of Ted F. Dunham, Sr., the spouse first to die. Under the scheme of the Code of Civil Procedure, which is carried out in Sharp and Caffarel, the succession representative, Dr. Endsley, is entitled to possession of Mrs. Dunham's undivided one-half of the community including the stock represented by Certificates Nos. 8 and 9 of right, until Mrs. Dunham obtains a judgment of possession.
Mrs. Dunham cites a considerable number of cases for the proposition that upon dissolution of the community the parties become co-owners, each entitled to his or her community one-half, including T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La. 1975), and Dhuet v. Taylor, 383 So.2d 1061 (La.App. 1st Cir.1980), which are the two most recent cases cited by Mrs. Dunham. However, T.L. James & Co., Inc. v. Montgomery holds that the surviving spouse has a right to be "recognized as the owner of one-half (of community property)..."; hence de jure possession is not automatic, the surviving spouse must be "recognized". Dhuet v. Taylor considers dissolution of the community by divorce, and hence does not apply to dissolution of the community by death. It should be noted that the amending of LSA-C.C.P. art. 3032 by La. Act No. 711 of 1979, effective January 1, 1980, subsequent to the decision in T.L. James & Co., Inc. v. Montgomery, legislatively sets aside any possible argument that a form of recognition of ownership by the surviving spouse requiring less judicial action than a judgment of possession is sufficient to give the surviving spouse possession de jure, of his or her undivided one-half of the community, as the amendment clearly provides that the surviving spouse in community is to petition for possession.
We hold that Mrs. Dunham is not now in possession of her undivided one-half of the community, as she has not been sent into possession, and is not automatically entitled to possession by operation of law. For that reason, Dr. Endsley, we further hold, enjoys possession, as dative executor, and may have Stock Certificates Nos. 8 and 9 of Anderson-Dunham, Inc. reissued in his name in that capacity.
We can find no authority that would require Mrs. Dunham's concurrence in voting the stock represented by these certificates. Hence, we eliminate the part of the trial *880 court's judgment which requires that Dr. Endsley obtain Mrs. Dunham's concurrence before voting the stock represented by Certificates Nos. 8 and 9.
All costs of this proceeding shall be paid by Mrs. Katharine O. Dunham.
AMENDED AND AFFIRMED.
NOTES
[1] It will be noted that the Supreme Court decision mentioned above did not have at issue before it the ownership of the stock represented by Certificates Nos. 8 and 9, and made no decision on the ownership of that stock.