502 So.2d 140 (1987)
Joseph C. GAUTHIER, et al., Plaintiff-Appellee,
v.
Irvin GAUTHIER, Defendant-Appellant.
No. 86-90.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
*141 Charles A. Riddle, III, Marksville, for defendant-appellant.
Dan E. Melichar, Alexandria, for plaintiff-appellee.
Before FORET, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
This declaratory action was brought by three of the children of Eunice and Gerand Gauthier against a fourth child, their brother, Irvin Gauthier, to determine their ownership interest, if any, in certain property once owned by their parents. The trial court rendered judgment recognizing the heirs of Eunice Gauthier as owners of an undivided one-half interest in the property. The defendant appealed and we reverse.
The facts are simple and not in dispute. Eunice and Gerand Gauthier were married on July 29,1929. Three children (the plaintiffs) were born of their marriage: Evelyn Gauthier Lachney, Jerome C. Gauthier and Joseph Peter Gauthier. They also had other children born before their 1929 marriage. One of these was the defendant Irvin Gauthier.
During their marriage they acquired some immovable property in Avoyelles Parish consisting of about 74 acres of land divided into two tracts.
Gerand Gauthier died on March 3, 1960. His wife was appointed administratrix of his succession and commenced an administration of the estate in Avoyelles Parish. In her capacity as administratrix, Eunice Gauthier obtained court authorization to sell the above described property to her son Irvin. She executed a deed dated June 14, 1962. The deed recited a consideration of $8,500 and was signed by the vendor as follows: "Eunice Broussard Gauthier, Administratrix." Eunice died on May 1, 1975.
On November 13, 1984, plaintiffs filed the present suit seeking a declaratory judgment interpreting their rights under the 1962 deed. At trial the plaintiffs contended that the 1962 deed did not convey their mother's one-half interest in the property since she signed the deed only in her capacity as administratrix. Plaintiffs argue that Eunice Gauthier's interest in the property was not included in her husband's estate, therefore Eunice Gauthier's heirs inherited the property upon her death. The district court rendered judgment in favor of the plaintiffs ruling that Mrs. Gauthier did not convey her interest in the property and that she still owned this half interest at her death. The defendant filed this suspensive appeal.
The sole issue presented by this appeal is whether the 1962 deed conveyed Eunice Gauthier's one-half community interest in the property to her son, Irvin Gauthier. In solving this issue we need to determine what property was included within the administration.
*142 The usual purpose of an administration is to determine and liquidate the obligations of the community in order to determine the net assets and distribute them between the surviving spouse and the heirs or legatees, or both, of the deceased. Succession of Sharp, 288 So.2d 413 (La. App.4th Cir.1974), writ denied 290 So.2d 911 (La.1974). The surviving spouse in community is entitled to be recognized by the court on ex parte petition as entitled to the possession of community property, without an administration of the succession, only when the succession is relatively free of debt. Succession of Pyle, 434 So.2d 523 (La.App.2nd Cir.1983). A succession is deemed relatively free of debt when its only debts are succession charges, mortgages not in arrears, and debts which are small in comparison with the assets of the succession. LA-C.C.P. art. 3001. Because C.C.P. arts. 3001-3008 provide for a petition for possession to be filed by the surviving spouse in community, it follows that until a petition for possession is filed and a judgment of possession is obtained by the surviving spouse in community, the surviving spouse in community does not enjoy possession de jure of her (or his) undivided one-half of the community. See Succession of Dunham, 428 So.2d 876 (La. App.1st Cir.1983).
In the present case all of the property belonging to the succession was community. The two tracts were listed in the inventory and described as "community property with Mrs. Eunice Broussard", and appraised at $8,500. These tracts represented the total assets of the community. The inventory also showed that the community owed $8,082 in debts. The inventory revealed that the net community estate was worth $418 and that the deceased's undivided one-half interest in the community was worth $209.
On April 4, 1962, Eunice Broussard Gauthier, as administratrix of the succession, petitioned the court for authority to sell the two tracts in order to pay the debts of the succession. The district judge granted Mrs. Gauthier the requested authority to sell. On June 14, 1962, Eunice Gauthier sold the property to Irvin Gauthier for the appraised value of $8,500. On June 19, 1962, judgment was rendered homologating the tableau of distribution. The final tableau of distribution showed that the succession debts, primarily community debts, were paid and that Eunice Gauthier received $261, which was all that was left after certain interest adjustments were made, as a widow in necessitous circumstances. The succession record indicates that a judgment of possession was never presented and executed, obviously because none was necessary.
Under these facts it is clear that the entire property, including Mrs. Gauthier's community one-half interest, was properly in the succession. The succession was not free from debt and an administration of the succession was necessary. Mrs. Gauthier was appointed administratrix and was granted authority to sell the community property in order to pay the debts of the succession, almost entirely community liabilities. The 1962 sale transferred ownership of the property to Irvin Gauthier, including Mrs. Gauthier's one-half community interest.
For the above reasons the judgment of the district court is reversed and vacated and judgment is rendered in favor of the defendant declaring that the June 14, 1962, sale transferred Mrs. Eunice Broussard Gauthiers' undivided one-half interest in the following described property to Irvin Gauthier:

"Tract 1: A certain tract or parcel of land, containing 51.88 acres, more or less, together with all buildings and improvements thereon, situated just North of the Red River Saline Point Cut-Off, in Aveyelles Parish, Louisiana, lying in and forming portions of Sections 13 and 24, Township Three North, Range Four East, and being bounded on the North by lands of Dorothy B. O'Bryan Et Als, on the South by lands of Tolton J. Normand and Dorothy B. O'Bryan Et Als, on the East by lands of Joe Smetak and Estate of A.T. Barbin, and on the West by the *143 old bed of Red River; LESS AND EXCEPT: Approximately one-fourth (¼th) acre sold to Clifford Gauthier, by deed recorded in Conveyance Book A-134, at Page 535; approximately one-fourth (¼ th) acre sold to Lester Lachney, by deed recorded in Conveyance Book A-134, Page 537; and approximately one-eighth (1/8th) acre sold to St. Genevieve's Roman Catholic Church, by deed recorded in Conveyance Book A-167, at Page 561. The above described property is more particularly shown on a plat of survey recorded in Plat Book 3, at Page 41, whereon it is designated as all of Lot 10, and that portion of Lot 9 situated West of the center lines of Sections 13 and 24, Township Three North, Range Four East."

"Tract 2: A certain tract or parcel of land, containing 22.23 acres, more or less, together with all the buildings and improvements thereon, situated in the Southeast Quarter of Section 7, Township Three North, Range Four East, and being bounded on the North and West by lands of Robert Lee Laborde, on the South by the old be of Red River, and on the East by lands of Mary D. Mayeux; said lands are more particularly shown on a plat of survey attached to an Act of Partition among the heirs of Pierre A. Dauzat, recorded in Conveyance Book A-88, at Page 548, whereon it is designated as Lots N, O and P."
It is also ordered that the plaintiffs, Joseph Gauthier, Jerome Gauthier and Evelyn Gauthier Lachney, pay all costs of the appeal and the proceedings in district court.
REVERSED AND RENDERED.