CRAIN, Judge.
Louis S. Prejean, Sr. died testate on April 27, 1974. He was survived by his spouse, Gusta Mae Bourg Prejean, and the children born of the marriage, Mrs. Mary Ann An-trobus, Mr. Louis S. Prejean, Jr., and Sister Helen Prejean, C.S.J. The estate consisted solely of community property. The succession was free of debt, except for a mortgage on the family home which was not in arrears.
By statutory testament, the decedent confirmed the usufruct of his surviving spouse over all property of which he died possessed, and the naked ownership in varying portions to his children. No testamentary executor was named in the will. Mrs. Mary Ann Antrobus was appointed administratrix on August 8, 1974, upon the joint petition of the surviving spouse, and the three children of the marriage. According to paragraph 5 of the joint petition for appointment of an administratrix: “There are debts due by the deceased’s estate as well as various notes and other credits and properties to be administered and therefore an administration of his succession is necessary.”
The administratrix applied for and was duly granted court authority to grant a mineral lease to Toxey M. Puckett on certain “succession property.” The mineral lease (hereinafter referred to as the Succession Lease) was executed on July 9, 1975. According to the inventory of community-owned property, the community owned a 28/82 interest in the property on which the mineral lease was granted. The lease was recorded and was assigned by Puckett to defendants.
Subsequently, a petition for possession was filed jointly by the administratrix and surviving spouse. By judgment of possession rendered March 11, 1977, Mrs. Pre-jean was recognized as the surviving spouse in community and was placed in possession of an undivided one-half of the community property and the legal usufruct over the remaining one-half.
On November 15,1978, Mrs. Prejean executed a mineral lease (the Prejean Lease) in favor of Richard K. Ingolia, lessee, encom *887 passing the surviving spouse’s interest in the property which was the subject of the Succession Lease. The lease was duly recorded and subsequently assigned by Ingo-lia to Martin Exploration Company.
On May 28, 1980, Mrs. Prejean and Martin Exploration Company filed a petition for declaratory judgment seeking to have the court declare the Succession Lease invalid with respect to the undivided interest in the property of the surviving spouse in community. Ingolia intervened. Cross motions for summary judgment were filed by Ingolia and defendants.
The sole legal issue, as framed by the district court, was whether “a lease from a solvent succession of property belonging to the community formerly existing between the deceased and his surviving spouse, encumbers the surviving spouse’s undivided one-half interest therein.” In written reasons for judgment the court stated that the Succession of Louis Prejean, Sr. was solvent; therefore, the granting of the mineral lease was not necessary to pay debts. Mrs. Prejean’s undivided interest in the property was a separate entity from and was not part of the decedent’s estate and thus was not under administration. The Succession Lease was declared null and void with respect to the undivided one-half interest of the surviving spouse. The mineral lease granted by Mrs. Prejean to Ingo-lia (the Prejean lease) was declared valid as it bears upon Mrs. Prejean’s undivided one-half interest in the property.
From this judgment defendants appeal. The sole issue on appeal is whether the undivided interest of the surviving spouse in community was under administration in the decedent’s succession. Based on the facts and circumstances of this case we hold that it was.
The general purpose of an administration is the determination and liquidation of the obligations of the community and the distribution of the net assets between the surviving spouse and the heirs. Succession of Sharp, 288 So.2d 413 (La.App. 4th Cir.1973), writ refused, 290 So.2d 911 (La.1974).
Mrs. Prejean, the surviving spouse, petitioned to the court for the appointment of an administratrix, alleging the need for an administration of the decedent’s succession. Thus, Mrs. Prejean is now precluded from claiming that an administration was unnecessary.[1] Succession of Williams, 418 So.2d 1317 (La.1982). Additionally, she filed no opposition to the application by Mrs. Antrobus for a court order to grant the mineral lease.
The jurisprudence has historically assumed that the succession representative of a deceased spouse in community was empowered to administer the surviving spouse’s one-half interest in the community. See, e.g., Succession of Caffarel, 378 So.2d 202 (La.App. 4th Cir.1979), writ refused, 381 So.2d 509 (La.1980); Succession of Sharp, 288 So.2d 413. This assumption was based in part on the husband’s authority as head and master of the community prior to its termination and on the matters of the wife’s interest in the community. Spaht, Termination of the Community by Death, 44 La.L.Rev. 441 (1983).
A surviving spouse in community is entitled to possession de jure of her undivided one-half interest in the community only after being placed in possession by the rendition of a judgment of possession. Succession of Dunham, 428 So.2d 876 (La. App. 1st Cir.1983). When a succession is under administration, the surviving spouse’s undivided one-half interest in the community is possessed by the administrator and as such is under administration until the surviving spouse is placed in pos *888 session by judgment of possession. Gau-thier v. Gauthier, 502 So.2d 140 (La.App. 3d Cir.1987). Thus, the court approved mineral lease executed by the administra-trix on behalf of the succession, prior to the judgment of possession and without opposition by the surviving spouse, included the undivided one-half interest of Mrs. Prejean.[2] The subsequent mineral lease granted by Mrs. Prejean to Ingolia (Preje-an lease) is null and void. Accordingly, the judgment of the district court is reversed. Costs of this appeal are assessed against appellee.
REVERSED AND RENDERED.

. We note that on December 15, 1983 (after the suit for declaratory judgment was filed and before summary judgment was rendered), Mrs. Prejean, Louis Prejean, Jr. as Trustee of the GMP Trust No. One, and Mary Ann Prejean Antrobus, Trustee of the GMP Trust No. Two, executed an instrument authorizing the lessee of the Succession Lease to pay one-half of future royalties to the established trusts and one-half to Mrs. Prejean. The instrument reads in pertinent part: "Said lease covered an undivided 28/82 interest in the land therein described, one-half of which belonged to Gusta Mae Bourg Prejean, as surviving widow in community of Louis S. Prejean, Sr., and the remaining one-half by the heirs of Louis S. Prejean, Sr.”

. Since the lease was executed in 1975 we do not consider the effect, if any, of the enactment of the matrimonial regimes law in 1980.