602 So.2d 152 (1992)
SUCCESSION of Ellenor Anderson Paxton PAILET.
No. 92-C-138.
Court of Appeal of Louisiana, Fifth Circuit.
June 23, 1992.
*153 Maurice Gomila, New Orleans, for relator.
Morris B. Phillips, New Orleans, for respondent.
Before KLIEBERT, C.J., and BOWES and WICKER, JJ.

ON WRIT OF REVIEW
KLIEBERT, Chief Judge.
We granted writs to review a trial court JUDGMENT ON RULE in the Succession of Ellenor Anderson Paxton Pailet ordering the interest of this succession in certain immovable property to be sold at auction to the highest bidder. For the following reasons, the Judgment on Rule dated February 3, 1992 is vacated and the matter remanded for further proceedings consistent with the views expressed herein.
Ellenor Anderson Paxton Pailet died testate on December 27, 1987. The succession was placed under administration and Anna Louise Gomila was appointed testamentary executrix. Ellenor's second husband, Sidney Pailet, predeceased her. His succession is under administration in Civil District Court for the Parish of Orleans. Sidney Pailet's succession proceeding was filed prior to Ellenor's. A judgment of possession has not been rendered in Sidney's succession.
Among the property listed in the estates of Ellenor and Sidney is the following immovable property which comprised a portion of the community of acquets and gains existing between them:
1) XXXX-XX-XX-XX Abundance Street, New Orleans, LA;
2) XXXX-XX-XX-XX Benefit Street, New Orleans, LA;
3) 3337-39 Broadway Street, New Orleans, LA;
4) 7116 Olive Street, New Orleans, LA.
A Rule to Compel Testamentary Executrix to Sell Vacant Real Estate at Public Auction was filed by two residual legatees, Audrey Blais and Irma Jones, in Ellenor's succession. Movers requested the court to order the sale of Ellenor's community interest in the above properties at public auction because the property is vacant and *154 deteriorating. The court granted movers' request and ordered the sale. The executrix now seeks review of that order.
Once a succession is opened and the estate is under administration, all property remains in the custody of the law and the rights of heirs and legatees are in abeyance until the administration is closed. Succession of Stauffer, 119 La. 66, 43 So. 928 (1907).
As stated in Gauthier v. Gauthier, 502 So.2d 140, 142 (3rd Cir.1987):
"[1-3] The usual purpose of an administration is to determine and liquidate the obligations of the community in order to determine the net assets and distribute them between the surviving spouse and the heirs or legatees, or both, of the deceased. Succession of Sharp, 288 So.2d 413 (La.App.4th Cir.1974), writ denied 290 So.2d 911 (La.1974). The surviving spouse in community is entitled to be recognized by the court on ex parte petition as entitled to the possession of community property, without an administration of the succession, only when the succession is relatively free of debt. Succession of Pyle, 434 So.2d 523 (La. App.2nd Cir.1983). A succession is deemed relatively free of debt when its only debts are succession charges, mortgages not in arrears, and debts which are small in comparison with the assets of the succession. LA-C.C.P. art. 3001. Because C.C.P. arts. 3001-3008 provide for a petition for possession to be filed by the surviving spouse in community, it follows that until a petition for possession is filed and a judgment of possession is obtained by the surviving spouse in community, the surviving spouse in community does not enjoy possession de jure of her (or his) undivided one-half of the community. See Succession of Dunham, 428 So.2d 876 (La.App.1st Cir. 1983)."
Additionally, LSA-C.C.P. Article 3032, amended by Act No. 711 of 1979, effective January 1, 1980, clearly provides that the surviving spouse in community is to petition for possession of the property comprising the estate under Article 3031 which shall comply with all of the pertinent provisions of Article 3002. This amendment legislatively sets aside the argument that a form of recognition of ownership by the surviving spouse requiring less judicial action than a judgment of possession is sufficient to give the surviving spouse possession de jure, of his or her undivided one-half of the community. Succession of Dunham, supra. See also Problems in the Law of Successions: Succession Representatives, Surviving Spouses and Usufructuaries, Louisiana Law Review, Vol. 47, page 21.
The rules governing the rendering of a judgment of possession in a succession under administration reference the rules governing a succession without administration, see generally LSA-C.C.P. Articles 3372 and 3381, and require that a judgment of possession recognize the surviving spouse in community as entitled to the possession of an undivided one-half of the community property. Until a judgment of possession in the succession first filed is rendered, a surviving spouse or her (his) estate cannot act to alienate community property which continues under administration in the first filed succession proceeding.
Thus, the estate of Ellenor does not enjoy possession de jure of her undivided one-half of the community and cannot alienate that property prior to a judgment of possession or partial judgment of possession being rendered in the succession of Sidney Pailet. Accordingly, the Judgment on Rule dated February 3, 1992 is vacated and the matter is remanded to the trial court for further proceedings.
VACATED AND REMANDED.